■ AUDREY SKLEROV, Respondent, v LEONARD SKLEROV, Appellant. [647 NYS2d 532] —In a matrimonial action in which the parties were divorced by judgment dated February 10, 1995, which incorporated a stipulation of settlement entered on the record in open court on November 23, 1994, the former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated July 5, 1995, as allegedly failed to accurately incorporate the provisions of the stipulation by directing that he pay to the former wife one-half of all monies held in "the departed partner payment account, and the balance held back as hold-back payments".

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the following language is deleted from the decretal paragraph of the order: "the departed partner payment account, and the balance held back as hold-back payments".

A court should construe a stipulation in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole (see, Carnicelli v Carnicelli, 205 AD2d 726, 728). However, a court should not, under the guise of interpretation, make a new contract for the parties (see, Iocabacci v McAleavey, 222 AD2d 406). In the instant case, an objective reading of the stipulation of settlement reveals that the parties agreed that only monies in the "capital account" were to be equally divided. Accordingly, the Supreme Court erred in interpreting the parties' stipulation and improperly determined that the plaintiff was entitled to one-half the money in the departed partner payment account and the balance held back as hold-back payments, neither of which

was mentioned in the stipulation. Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.