■ BARBARA A. DiLAVORE, Respondent, v JOHN R. DiLAVORE, Appellant. [655 NYS2d 447] —In a matrimonial action in which the parties were divorced by judgment entered September 12,

1991, which incorporated a stipulation of settlement entered on the record in open court on June 27, 1991, the defendant former husband appeals (1) from an order of the Supreme Court, Suffolk County (Dunn, J.), dated February 9, 1993, which appointed an appraiser for the former martial residence and directed that Timberpoint Realty act as the listing broker to sell the former marital residence at the appraised price, (2) from an order of the same court, dated March 9, 1994, which awarded the plaintiff interest on the $100,000 equitable distribution award provided in the judgment of divorce, directed that he vacate the former marital premises, and directed that a warrant of eviction be issued to evict him if he failed to vacate, (3) from an order of the same court, dated March 29, 1995, which awarded the plaintiff attorney's fees and receiver's costs in connection with the sale of the former marital residence, (4) as limited by his brief, from so much of an order of the same court, also dated March 29, 1995, as approved the receiver's report, and (5) from an order of the same court, dated December 14, 1995, which denied his motion to stay enforcement of an income execution. The defendant also purportedly appeals from an order of the same court, dated August 5, 1993.

Ordered that the orders dated February 9, 1993, March 9, 1994, March 29, 1995 (awarding attorney's fees and receiver's costs), and December 14, 1995, are affirmed, without costs or disbursements; and it is further,

Ordered that the order dated March 29, 1995 (approving the receiver's report), is affirmed insofar as appealed from, without costs or disbursements.

Although the defendant purportedly appeals from an order of the Supreme Court, dated August 5, 1993, that purported appeal was dismissed by decision and order on motion of this Court dated April 10, 1996.

A stipulation of settlement should be construed in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole (see, Sklerov v Sklerov, 231 AD2d 622). In the instant case, the Supreme Court did not err in appointing an appraiser of the former marital residence or in directing that the former marital residence be listed for sale at the appraised price. The court also properly awarded counsel fees to the plaintiff for her post-judgment efforts to effectuate a sale of the former marital residence.

The defendant's remaining contentions are unpreserved for appellate review or are without merit. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.