■ ANDREW DE GAUST, Appellant, v LENA DE GAUST, Respondent. [655 NYS2d 670] —Peters, J. Appeal from an order of the Supreme Court (Torraca, J.), entered February 2, 1996 in Ulster County, which granted defendant's motion to modify a domestic relations order to include a provision for postretirement survivorship benefits.

Prior to their divorce in 1992, the parties entered into a stipulation in open court which resolved the distribution of marital property. Under the terms of this agreement, they agreed that plaintiff's pension would be divided between them pursuant to the *Majauskas* formula (*see, Majauskas v Majauskas*, 61 NY2d 481). The stipulation was incorporated, but not merged, into the judgment of divorce. A domestic relations order was thereafter issued which provided that defendant would receive her respective interest in plaintiff's pension upon his retirement and that plaintiff would designate defendant as a beneficiary for survivorship benefits in the event that plaintiff died prior to retirement.

In 1995, defendant learned from plaintiff's pension administrator that the domestic relations order, as worded, would not insure that she would continue to receive pension benefits if plaintiff predeceased her after retiring, since the right to receive a retirement allowance ceased upon the death of the retiree. The administrator advised that in order for defendant to receive postretirement benefits after plaintiff's death, plaintiff must, upon retirement, choose a retirement option which specifically provided for postretirement survivorship benefits and designate defendant as the beneficiary. Defendant then moved to amend the domestic relations order to require plaintiff to choose such an option and to designate her as the beneficiary. Supreme Court granted defendant's motion and ordered that the domestic relations order be so amended. Plaintiff now appeals, claiming that Supreme Court erred in ordering him to provide postretirement survivorship benefits to defendant where such benefits had not been intended nor provided for under the stipulation.

We agree. A stipulation is an independent contract which is subject to the principles of contract interpretation (*see, Sally v Sally*, 225 AD2d 816, 818). A court should construe a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation as illustrated in the record as a whole (*see, Sklerov v Sklerov*, 231 AD2d 622). Here,

an objective reading of the record reveals only that the purpose of the stipulation was to provide for a division of plaintiff's pension benefits and an intent that defendant would share in the benefits after plaintiff retired (and prior to his death), as well as maintain the right to survivorship benefits if plaintiff died before retirement. There is nothing to suggest that the parties intended to provide defendant with the right to receive survivorship benefits in the event plaintiff predeceased her after retirement.

Although defendant's counsel stated during the oral stipulation that the domestic relations order would "contain all the benefits available to [defendant] under the applicable sections of the Internal Revenue Code", we cannot construe this statement as automatically reading into the stipulation the parties' intent that defendant receive postretirement survivorship benefits, especially where the relevant provisions of the Internal Revenue Code authorize, but do not mandate, that a former spouse receive postretirement survivorship benefits (*see*, 26 USC § 414 [p]). We also note that the original domestic relations order was silent on this point, despite the fact that defendant had unlimited access to information regarding plaintiff's pension prior to entering into the stipulation and had specifically requested preretirement—but not postretirement—survivorship benefits. We therefore find that Supreme Court erred in interpreting the parties' stipulation as encompassing defendant's right to postretirement survivorship benefits and improperly ordered plaintiff to provide such benefits to defendant (*see, Westfall v Westfall*, 194 AD2d 960).

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.