■ In the Matter of HELEN A. HURLEY, Appellant, v DENNIS J. HURLEY, Respondent. [657 NYS2d 819] —Mikoll, J. P. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered March 5, 1996, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to enforce the spousal support provisions of an amended judgment of divorce.

In April 1969, petitioner commenced an action against respondent for divorce. Following a hearing on March 24, 1971, during which the parties entered into a stipulation settling all issues relating to the marriage, Supreme Court granted the parties a divorce. A judgment of divorce was entered in the office of the Rensselaer County Clerk on May 19, 1971. Due to the fact that this judgment was improperly entered, however, the court issued an amended judgment of divorce on September 20, 1971. In addition to setting forth the manner in which certain property was to be divided, the amended judgment provided that petitioner would receive support payments equivalent to 20% of respondent's gross salary and, when respondent retired, 20% of "retirement received from the New York State Retirement System".

When respondent retired in 1995, he paid petitioner 20% of his monthly pension allowance but did not include moneys he received from an annuity account purchased from contributions made from his salary over the years into an employee savings account. This prompted petitioner to file a petition in Family Court seeking to enforce the terms of the amended judgment so as to obtain support payments equivalent to 20% of respondent's "gross" retirement income. Following a hearing before a Hearing Examiner, the petition was dismissed. Petitioner filed objections to the Hearing Examiner's order of dismissal which were reviewed by Family Court. Family Court affirmed the order of dismissal and this appeal by petitioner ensued.

Initially it appears, for reasons undisclosed by the record, that there are two versions of the parties' September 20, 1971

amended judgment of divorce. Both contain identical provisions regarding petitioner's entitlement to respondent's retirement income, and state that "if and when [respondent] retires, he shall pay 20% of retirement received from the New York State Retirement System". They differ, however, in that one provides that "the entire transcript of record taken on the hearing before the court on March 24, 1971 shall be filed nunc pro tunc with the original decree". Petitioner argues that, during the March 24, 1971 hearing, the parties specifically agreed that petitioner would receive 20% of respondent's "gross" retirement income. Inasmuch as petitioner concedes, however, that this version of the amended judgment was not before Family Court, we find that it is outside the record and decline to consider it as part of this appeal (*see, Ughetta v Barile*, 210 AD2d 562, 564, *lv denied* 85 NY2d 805).

Turning to the provisions of the amended judgment which was before Family Court, we do not find that it supports petitioner's claim to 20% of respondent's "gross" retirement income. The provision at issue does not use the term "gross" to describe retirement income and the retirement received from the New York State Retirement System is clearly meant to include pension income accumulated as a result of respondent's service with the State and not income received from an annuity separately purchased by respondent. In our view, this is the only reasonable construction to be accorded the subject provision. Given the parties' failure to explicitly provide for petitioner's entitlement to a portion of respondent's annuity income, we find that Family Court properly affirmed the order of dismissal (*see, March v March*, 233 AD2d 371, 372).

Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.