■ LINDA KEITH, Appellant, v DOROTHY KEITH, Respondent. [661 NYS2d 74] —Peters, J. Appeal from an order of the Supreme Court (Keniry, J.), entered March 22, 1996 in Saratoga County, upon a decision of the court in favor of defendant.

The sole issue presented on this appeal is whether a portion of a preretirement death benefit, payable under a corporate pension plan, falls within the scope of a provision in a settlement stipulation placed on the record, in open court, mandating that certain pension payments be made to the deceased employee's ex-wife.

In connection with a divorce proceeding commenced in March 1983, plaintiff and Robert Keith (hereinafter decedent) entered into a settlement agreement, dated June 17, 1985, which was placed on the record in open court. Pursuant to the terms thereof, plaintiff was to receive one half of decedent's vested pension rights which he would have received as of March 4, 1983 if he had retired at age 65. In accordance with the judgment of divorce which incorporated, but did not merge, such agreement, plaintiff's share of the pension was fixed in the amount of $376.50 per month. After the divorce, decedent married defendant who remained his spouse until the time of his death. At such time, he was still employed by General Electric Company (hereinafter GE). Pursuant to the provisions of the GE pension plan, defendant receives a preretirement death benefit in the amount of $557 per month. Plaintiff claims that she is entitled to $376.50 of such preretirement death benefit pursuant to the terms of her settlement agreement with decedent.

At a nonjury trial, the attorney who represented decedent in the matrimonial action testified that the settlement agreement placed on the record was the result of extensive negotiations. He further testified that the parties therein waived the provisions of Domestic Relations Law § 236 (B) and formulated their own agreement with respect to the division of their marital property. He stated that the agreement was intended to provide only a retirement benefit to plaintiff and that the only preretirement benefit, agreed to on the record, was the maintenance of a life insurance policy, provided through GE, with a face value of $100,000.

Paul Jojo, an employee benefits specialist with GE, testified that a preretirement benefit is a separate option under the GE pension plan. He acknowledged that GE received a letter from the attorney representing plaintiff at the time of settlement negotiations which requested figures setting forth the value of decedent's pension as of December 31, 1983 and the benefits he would be expected to receive at age 65. No inquiry was made concerning what benefits would be payable in the event of preretirement death. Jojo further testified that in a letter to plaintiff's matrimonial counsel dated February 4, 1984, the pension plan was detailed to include available preretirement death benefits. All of this information was made available to employees prior to 1985.

Plaintiff acknowledged the extensive negotiations which preceded the placement of the settlement agreement on the record. She further acknowledged that she was represented by

counsel at all times and that decedent provided her with an authorization to make direct inquiry to GE for information concerning the nature and extent of his pension benefits.

This agreement "is an independent contract which is subject to the principles of contract interpretation" (*De Gaust v De Gaust*, 237 AD2d 862), thus requiring a court, when the language is clear and unambiguous, to ascertain "the intent of the parties * * * from within the four corners of the instrument, and not from extrinsic evidence" (*Rainbow v Swisher*, 72 NY2d 106, 109). Upon so doing, we agree with Supreme Court that plaintiff is not entitled to share in the preretirement death benefit now being paid to defendant. Acknowledging that such benefit, payable under the pension plan, constituted a marital asset subject to equitable distribution (*see, Kaplan v Kaplan*, 82 NY2d 300), the terms of the parties' agreement specifically limited plaintiff's interest in decedent's pension to the payment of a sum certain in the event of retirement. Moreover, the parties expressly waived the provisions of Domestic Relations Law § 236 (B) by opting to independently resolve issues regarding the distribution of their property. Unlike the language used in *Kaplan v Kaplan* (*supra*) and *Olivo v Olivo* (82 NY2d 202), the agreement here gave plaintiff an entitlement to a sum certain upon the happening of a specific event—the retirement of decedent.

This interpretation is fully supported by the specific provisions of the agreement which mandates life insurance coverage to protect plaintiff in the event that decedent died before retirement. Finding no evidence of a "latent ambiguity" not contemplated by the parties (*see, Lerner v Lerner*, 120 AD2d 243, 247) and that "this is the only reasonable construction to be accorded the subject provision" (*Matter of Hurley v Hurley*, 239 AD2d 772, 773; *see, De Gaust v De Gaust, supra*), we affirm the order of Supreme Court in its entirety.

White, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.