■ Frances W. Twiss, Appellant, v Donald L. Twiss, Respondent. [666 NYS2d 35] —In a matrimonial action in which the parties were divorced by judgment dated December 30, 1994, the plaintiff wife appeals (1) from an order of the Supreme Court, Westchester County (Nicolai, J.), entered November 27, 1996, which denied her motion for, *inter alia,* post-settlement interest or accrued appreciation on a specified sum representing her distributive share of a deferred compensation plan, and (2) as limited by her brief, from so much of an order of the same court, entered July 8, 1997, as, (a) upon reargument, adhered to its original determination, and (b) denied that branch of her motion which was to modify a Qualified Domestic Relations Order.

Ordered that the appeal from the order entered November 27, 1996, is dismissed, as that order was superseded by the order entered July 8, 1997, made upon reargument; and it is further,

Ordered that the order entered July 8, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The parties entered into a comprehensive written stipulation settling their matrimonial action. The stipulation was incorporated, but not merged, into the judgment of divorce. The clear and unambiguous terms of the agreement limited the plaintiff wife's distributive share of the defendant husband's deferred compensation plan to the fixed amount of $135,000. The wife also consented to the terms of a Qualified Domestic Relations Order which specifically provided that she was entitled to no more than $135,000. Consequently, she is not entitled to any interest or appreciation on that sum from the date of the stipulation or judgment to the date when the money was transferred to her *(see, Keith v Keith,* 241 AD2d 820; *De Gaust v De Gaust,* 237 AD2d 862; *Lamberti v Lamberti,* 158 AD2d 449). Rosenblatt, J. P., Altman, Florio and McGinity, JJ., concur.