■ LINDA VON BUREN, Appellant-Respondent, v JON R. VON BUREN, Respondent-Appellant. [675 NYS2d 739] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The parties were married in March 1974 and have two children. They entered into a written separation agreement on October 30, 1993. The agreement acknowledged the vested interest of defendant in his New York State pension plan as marital property and provided that it be "distributed pursuant to *Majauskas* and/or *Szulgit*" (*see, Majauskas v Majauskas,* 61 NY2d 481; *Szulgit v Szulgit,* 92 AD2d 712). The agreement was incorporated but not merged in the judgment of divorce entered on September 14, 1995. The parties appeal from a Qualified Domestic Relations Order (QDRO) that directs payment of plaintiff's portion of the pension according to the *Majauskas* formula and directs defendant to elect a retirement benefit that provides for a survivor annuity for plaintiff's benefit.

Plaintiff contends that the QDRO should be modified because it does not require defendant to elect the highest present benefit option under the New York State and Local Retirement Plan. She contends that she is entitled to the maximum benefit payment and that defendant should be directed to elect the maximum payment option or, if he chooses another option, he should be directed to pay her in accordance with the highest paying option. On his cross appeal, defendant contends that the court erred in requiring him to elect a survivor annuity to benefit plaintiff in the event that he predeceases her.

The parties' agreement "is an independent contract which is subject to the principles of contract interpretation" (*De Gaust v De Gaust,* 237 AD2d 862). Thus, when the language is clear and unambiguous, the court is required "to ascertain 'the intent of the parties * * * from within the four corners of the instrument, and not from extrinsic evidence'" (*Keith v Keith,* 241 AD2d 820, 822, quoting *Rainbow v Swisher,* 72 NY2d 106, 109). Because the parties' written agreement does not require defendant to elect the retirement option that pays plaintiff the highest benefit available to her, the court did not err in failing to include such provision in the order (*see, De Gaust v De Gaust, supra*). Nor is plaintiff entitled to share in any preretirement death benefit. There is nothing in the parties' written agree-

ment to suggest that the parties intended to provide plaintiff with the right to receive that death benefit (*see, Keith v Keith, supra; De Gaust v De Gaust, supra*). The court erred, however, in requiring defendant to elect a survivor annuity benefit naming plaintiff as beneficiary because there is no such requirement in the parties' written agreement (*see, Keith v Keith, supra; De Gaust v De Gaust, supra*). The cases relied upon by plaintiff are inapplicable because they involve equitable distribution made by the court, not by agreement (*see, e.g., Ferriera v Ferriera,* 112 AD2d 22, 23; *Farsace v Farsace,* 97 AD2d 951, 952).

Thus, we modify the QDRO by deleting the provision directing defendant to "elect a retirement benefit that provides for a survivor annuity benefit naming [plaintiff] as a beneficiary of the survivor benefit annuity". (Appeals from Order of Supreme Court, Monroe County, Siracuse, J.—Equitable Distribution.) Present—Pine, J. P., Lawton, Callahan and Fallon, JJ.