■ SALLY A. McWADE, Appellant, v VINCENT R. McWADE, Respondent. [677 NYS2d 596] —In a matrimonial action, the plaintiff former wife appeals, as limited by her brief, from so much of (1) a judgment of divorce of the Supreme Court, Westchester County (Nicolai, J.), dated February 26, 1997, as determined that the value of the defendant's pension plan which existed at the date the action was commenced, August 4, 1994, was $446,707.69 and provided that the pension should be divided equally, and (2) a Qualified Domestic Relations Order of the same court, entered July 23, 1997, as provided that her share in the defendant former husband's pension plan would be $223,853.85 "[b]y agreement" and that she is not entitled to share in any gains or losses since August 4, 1994.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from the Qualified Domestic Relations Order, and leave to appeal is granted (*see*, CPLR 5701 [c]); and it is further,

Ordered that the Qualified Domestic Relations Order is affirmed insofar as appealed from; and it is further,

Ordered that the judgment of divorce is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

A stipulation is an independent contract which is subject to the principles of contract law (*see, De Gaust v De Gaust*, 237 AD2d 862). A court should construe a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole (*see, De Gaust v De Gaust, supra; Sklerov v Sklerov*, 231 AD2d 622). A court should not, under the guise of interpretation, make a new contract for the parties (*see, Sklerov v Sklerov, supra*).

Here, the plaintiff's counsel stipulated in open court that the value of the defendant's pension was $446,707.69 as of the date the action was commenced. There was no discussion of, or provision for, the plaintiff to receive a share of the postcommencement gains in value in the defendant's pension. Bracken, J. P., Thompson, Pizzuto and Altman, JJ., concur.