■ MARJORIE A. DUTTON, Respondent-Appellant, v THOMAS W. DUTTON, Appellant-Respondent. (Appeal No. 1.) [696 NYS2d 727] —Appeal and cross appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeals from Order of Supreme Court, Monroe County, Smith, J.—Matrimonial.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Scudder, JJ.

■ MARJORIE A. DUTTON, Respondent, v THOMAS W. DUTTON, Appellant. (Appeal No. 3.) [696 NYS2d 339] —Amended judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Supreme Court erred in requiring defendant to continue paying maintenance to plaintiff despite his retirement from the Eastman Kodak Company (Kodak). The agreement of the parties, placed upon the record

by plaintiff's attorney and incorporated into the judgment of divorce, clearly and unambiguously provides that maintenance would cease upon defendant's early retirement, at which time plaintiff would begin receiving a portion of defendant's monthly retirement benefits (*see, Von Buren v Von Buren*, 252 AD2d 950). At the time the parties entered into the agreement, defendant was 46 years old, had worked for Kodak for over 25 years and was nearing retirement eligibility. The fact that defendant might retire from Kodak within a few years of the divorce was contemplated by the parties, and the agreement provides that maintenance would cease upon the occurrence of that contingency. (Appeal from Amended Judgment of Supreme Court, Monroe County, Smith, J.—Matrimonial.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Scudder, JJ.