■ FLORENCE E. HIGBIE, Appellant, v JAMES D. HIGBIE, Respondent. [701 NYS2d 757] —Graffeo, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered December 11, 1998 in Otsego County, which granted plaintiff's motion to compel compliance with a judgment of divorce to the extent that defendant was directed to provide a life insurance policy in the amount of $3,000 with plaintiff as beneficiary.

The 1992 judgment of divorce in this action incorporated the parties' stipulation which included the distribution of marital

property. With regard to defendant's pension, the parties agreed that plaintiff was entitled to 50% of the value of the pension as of the date of the commencement of this action and that the benefits would be distributed between the parties in accordance with the *Majauskas* formula (*see, Majauskas v Majauskas*, 61 NY2d 481) upon defendant's retirement. The parties also agreed that defendant would name plaintiff as the beneficiary of his retirement plan's death benefit or provide an equivalent life insurance policy.

Defendant remarried prior to retirement and when he retired he selected an option that would provide a reduced retirement allowance to his current wife upon his death. Claiming that defendant had failed to comply with his obligation regarding the death benefit referred to in the stipulation, plaintiff moved to compel compliance. Supreme Court granted the motion to the extent that defendant was directed to provide a life insurance policy with plaintiff as beneficiary in the amount of $3,000, which is the amount of the postretirement death benefit provided by defendant's retirement plan. Plaintiff appeals.

In the absence of any provision in the parties' stipulation requiring defendant to elect a retirement option which would provide a continuing retirement allowance to plaintiff in the event that defendant predeceased her after retirement, he was not obligated to do so (*see, De Gaust v De Gaust*, 237 AD2d 862; *see also, Von Buren v Von Buren*, 252 AD2d 950). To the extent that the provision regarding a death benefit in the parties' stipulation was intended to grant a postretirement benefit, we agree with Supreme Court that the provision refers to the death benefit provided by Retirement and Social Security Law § 657, which is separate and distinct from the retirement allowance. It does not, as plaintiff now claims, encompass the reduced retirement allowance available to defendant's current wife in the event that he predeceases her.

Cardona, P. J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.