■ MARIELLEN E. NASH, Respondent, v FREDERICK W. NASH, Appellant. [703 NYS2d 267] —In a matrimonial action in which the parties were divorced by a judgment dated December 29, 1997, the defendant former husband appeals from an order of the Supreme Court, Dutchess County (Bellantoni, J.), dated December 22, 1998, which granted that branch of the motion of the plaintiff former wife which was for leave to enter a judgment against him in the principal sum of $6,614 representing a one-half share of the value of a specified Individual Retirement Account account.

Ordered that the order is affirmed, with costs.

In a prior order dated October 15, 1997, and in the judgment of divorce, the plaintiff was awarded the exclusive use and occupancy of the marital residence, and the defendant was directed to transfer to her a 50% interest in his Individual Retirement Account (hereinafter IRA) with the Pioneer Group, Inc. After the defendant had disobeyed directives in the order and judgment that he vacate the marital premises, the plaintiff commenced a proceeding to have him punished for contempt. That proceeding was resolved on April 2, 1998, when the parties entered into a stipulation. It was only after the entry of the stipulation that the plaintiff learned that the defendant had also failed to comply with the directive that he transfer to her a 50% interest in the IRA, and that instead, he had liquidated the IRA account. The Supreme Court granted that branch of the plaintiff's motion which was for leave to enter a judgment in her favor representing one-half of the IRA. We affirm.

A court should construe a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole (*see, McWade v McWade*, 253 AD2d 798; *DiLavore v DiLavore*, 237 AD2d 322; *Sklerov v Sklerov*, 231 AD2d 622; *Carnicelli v Carnicelli*, 205 AD2d 726). We agree with the Supreme Court that the April 2, 1998, stipulation "had nothing to do with [the] division of the IRA proceeds". Although the stipulation was described by the parties as having "superseded" all prior agreements, orders, and judgments, we construe this to mean that all prior judgments, orders and agreements were superseded only to the extent that they might be inconsistent with the stipulation. There is no evidence in the record to support a conclusion that the stipulation included a waiver by the plaintiff of her right to one-half of the value of the defendant's IRA. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.