■ GARY CASELLA, Respondent, v MYRA CASELLA, Appellant. [760 NYS2d 909] —Carpinello, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered June 11, 2002 in Rockland County, which, inter alia, granted plaintiff's motion to adopt a proposed domestic relations order.

The parties to this divorce action entered into a stipulation of settlement resolving the distribution of all of their marital assets. The stipulation was incorporated, but not merged, into their judgment of divorce. Under the terms of this stipulation, the parties agreed that plaintiff's state pension would be divided in value as of the commencement date of the action (May 20, 1998) and that defendant would be entitled to 50% of this value to be accomplished through a domestic relations order.[1] The stipulation further provides, without differentiation, that "counsel" shall prepare the domestic relations order to be "viewed by other counsel" and further permits, but by no means requires, that a certain pension evaluator, namely William Troyan, may prepare the order "subject to approval by both counsel."

Suffice it to say, Troyan thereafter prepared a domestic relations order which plaintiff's counsel rejected as containing terms and conditions which went far beyond the parties' stipulation. Accordingly, plaintiff's counsel retained another individual, namely Jeffrey Heller, to draft a domestic relations order to be submitted to Supreme Court for approval. At issue on appeal is an order of Supreme Court adopting the Heller domestic relations order.[2]

Supreme Court did not err in adopting the Heller proposed order as the terms of same contain a reasonable interpretation of the parties' stipulation. An objective review of the stipula-

1. Although the stipulation itself states that this transfer of assets shall be accomplished through a "qualified" domestic relations order, it is agreed by both parties that a domestic relations order, as opposed to a qualified domestic relations order, is required in this case.

2. This matter has been transferred to this Court by the Second Department.

tion reveals an intent to provide for a division of plaintiff's retirement benefits after he retires, with no specific mandate of when that event must occur. No substantive provision of the Heller proposed order, including that portion concerning the benefits due defendant in the event plaintiff retires early, materially alters the parties' stipulation (see Olivo v Olivo, 82 NY2d 202, 209-210 [1993]; Von Buren v Von Buren, 252 AD2d 950 [1998]; De Gaust v De Gaust, 237 AD2d 862, 862-863 [1997]; see generally Lavin v Lavin, 263 AD2d 932, 933 [1999]). Moreover, here, as in De Gaust v De Gaust (supra), "[t]here is nothing to suggest that the parties intended to provide defendant with the right to receive survivorship benefits in the event plaintiff predeceased her after retirement" and, thus, defendant's attempt to now insert postretirement survivorship benefits into the domestic relations order must fail (id. at 863; see Von Buren v Von Buren, supra; Keith v Keith, 241 AD2d 820 [1997]).[3]

Defendant's remaining contentions have been reviewed and found to be without merit.

Spain, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

FOURTH DEPARTMENT, JUNE, 2003

(June 13, 2003)

---

3. Although the stipulation does not provide for a preretirement death benefit for defendant in the event that plaintiff dies before he retires, plaintiff gratuitously included such a benefit for defendant in the domestic relations order submitted to Supreme Court (cf. McCoy v Feinman, 99 NY2d 295, 303 [2002]).