■ STEPHANIE LOUNSBURY, Respondent, v ROBERT T. LOUNSBURY, Appellant. [845 NYS2d 470]—

Spain, J. Appeal from an order of the Supreme Court (Ledina, J.), entered June 26, 2006 in Sullivan County, which, among other things, granted plaintiff's motion to hold defendant in contempt of court.

Plaintiff and defendant were married in 1995 and are the parents of two minor children. In 2001, the parties commenced an action for divorce and signed a comprehensive separation agreement. Thereafter, defendant challenged the validity of that agreement, in response to which plaintiff moved for partial summary judgment seeking a declaration that the agreement was valid and enforceable. Supreme Court (Meddaugh, J.) granted plaintiff's motion and this Court affirmed (300 AD2d 812, 813 [2002]). The 2001 agreement placed the children in plaintiff's custody, transferred title of the marital residence to plaintiff and charged defendant with payment of the mortgage (until it is paid in full) and the real property taxes until the children reach the age of 18 or an emancipating event occurs such as a change in custody. Later, defendant obtained custody of the children by a temporary order of December 2002.

In February 2003, the parties entered into a stipulation of settlement, settling various pending motions for interim relief including plaintiff's outstanding claims for unpaid child support while she had custody of the children, spousal support and contempt relief against defendant, as well as defendant's claims regarding custody, child support and property distribution, and the final disposition of the parties' divorce action. According to that stipulation, defendant agreed to continue to make monthly mortgage payments and to pay the real property taxes on the marital residence and plaintiff agreed to pay to him $573 per month for child support and 27.3% of all childcare and health costs. Defendant also agreed, among other things, to pay to plaintiff an outstanding balance on her Visa credit card, up to a $1,000 balance on a gas card and $1,000 for an overdraft charge

on her checking account. Further, defendant agreed to pay or hold plaintiff harmless with regard to any debt arising from a second mortgage. In addition, defendant admitted to the contempt charges and accepted a sentence of 60 days incarceration, to be stayed pending his compliance with certain terms of the stipulation. Plaintiff agreed to, among other things, permit defendant to retrieve certain items at the marital residence.

In April 2003, a judgment of divorce was entered in Supreme Court (Meddaugh, J.), incorporating by reference—without merger—the 2001 separation agreement and the February 2003 stipulation of settlement. Defendant subsequently made two mortgage payments, but failed to make any mortgage payments thereafter. He also failed to pay the balance on the Visa card debt, the payment on the gas card, the balance of the debt on a Chevy Tahoe, the checking overdraft charge and some of the real property taxes on the marital residence. As a consequence, plaintiff did not pay her child support and childcare obligations. Moreover, in order to avert a foreclosure and sale, and because of her poor credit, plaintiff entered into a refinancing plan in which she agreed to convey the property to a friend, Eddie Lewis, who obtained a mortgage in the sum of $148,000 on his own credit. Plaintiff agreed to make—and she was making—all payments on the Lewis mortgage and entered a written agreement with Lewis in which he promised to reconvey the property to her upon her payment of $10,000.

In September 2004, defendant filed a petition pursuant to Family Ct Act article 4 for enforcement of the child support provisions of the judgment of divorce. Plaintiff then filed a motion in Supreme Court seeking enforcement of the divorce settlement and to hold defendant in contempt of court for his failure to meet the obligations imposed by the judgment of divorce. In June 2005, on consent of the parties, Family Court transferred the child support enforcement proceedings to Supreme Court and they were consolidated with plaintiff's motion. After a trial, Supreme Court (Ledina, J.) sorted out all of the claims and cross claims, granted plaintiff judgment against defendant for a net sum of $44,993.57 (which sum includes the $10,000 that plaintiff agreed to pay Lewis for his assistance in refinancing the mortgage), and directed defendant to pay, among other things, the current mortgage on the marital residence—including principal, interest and escrow for taxes—less plaintiff's child support obligation. Additionally, the court found that defendant had violated the conditions which stayed the previously imposed 60-day jail sentence for his admitted contempt, vacated the stay and ordered that he commence serving that sentence unless he

purged himself of his contempt by paying the full balance of the judgment debt to plaintiff within 90 days. Defendant now appeals.

First, we reject defendant's contention that his obligation to pay the mortgage and taxes on the marital residence property ended when he obtained custody of the children. Although the 2001 separation agreement called for defendant to pay the taxes until the children reached 18 or until a change in custody, the record clearly establishes that the children were already in defendant's custody when he agreed in the 2003 stipulation to assume the obligation of payment of the mortgage and taxes on the marital residence. Thus, this claim lacks merit (*see Grieco v Grieco*, 307 AD2d 488, 488-489 [2003]; *see also Nash v Nash*, 269 AD2d 577, 578 [2000]).

We also find unpersuasive defendant's assertion that Supreme Court erred in ordering him to make mortgage and real property tax payments on the marital residence beyond the date that the property was transferred to Lewis. While "a party will be relieved from the terms of the stipulation only if there is a 'cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident' " (*Matter of Flynn v Rockwell*, 295 AD2d 672, 675 [2002], quoting *Hallock v State of New York*, 64 NY2d 224, 230 [1984]), the court determined that it was defendant's failure to comply with his obligations—in contravention of the stipulation of settlement—which caused plaintiff's credit to be ruined, forcing her to seek financing aid from Lewis in a final attempt to remain in the marital residence and prevent its sale in foreclosure. The record amply supports that determination. Moreover, as the transfer of title to Lewis was a direct consequence of defendant's deliberate violation of the judgment of divorce, Supreme Court did not err in ordering him to pay plaintiff the $10,000 charge for the return of her title and to continue to pay that mortgage and the taxes on the property. Similarly, although defendant claims that the court erred in ordering him to assume payments on a mortgage in excess of $140,000, as plaintiff's original mortgage was only $82,000, the record establishes that this increase in the cost of the mortgage was another direct consequence of defendant's willful failure to meet his obligations. Thus, the court's order is not a "modification of a maintenance obligation" as defendant contends but, rather, a mere interpretation and enforcement of the intent and meaning of the provisions within the original stipulation of settlement and judgment of divorce. As such, the court's order was not in error.

We do, however, find merit in defendant's contention that

Supreme Court erred by charging him twice for the obligation—found in the separation agreement—to pay the $7,349.64 debt owed on the Chevy Tahoe. Plaintiff's own uncontroverted testimony indicates that this debt was a recorded lien which was consolidated as part of the current mortgage debt on the marital residence. As such, the court erred in ordering defendant to pay this debt in addition to the paying off of the new mortgage.

There is also merit to defendant's contention that Supreme Court erred in requiring him to pay the 2003 school taxes, which defendant testified he did not believe he paid while plaintiff testified to her belief that he paid. Given their testimony against their own respective interests with regard to this issue, the fact that the court made no express credibility determination on this and that no other proof was submitted, we find that plaintiff did not meet her burden of establishing nonpayment. Therefore, the court improperly ordered defendant to pay an additional sum of $3,241.44 to cover the 2003 school taxes.

We also find persuasive defendant's assertion that Supreme Court committed error in vacating the stay of the 60-day jail sentence for contempt which had been imposed in the 2003 stipulation and judgment of divorce. While plaintiff's December 2004 motion papers sought to enforce the judgment which followed the February 2003 stipulation and settlement agreement and to punish defendant for his failure to comply with the provisions of that judgment and clearly alleges that defendant willfully failed to pay the mortgage and taxes on the marital residence, plaintiff never specifically alleged that defendant had violated the conditions established in 2003 for staying the 60-day jail sentence nor did she request that the court lift the stay and impose that jail sentence. The motion papers, indeed, did not put defendant on notice that his incarceration arising out of the stayed jail sentence was in issue. Significantly, at the start of the hearing, counsel for defendant emphasized the foregoing and that he was not then prepared to defend on that issue. When plaintiff's attorney offered to amend the pleadings, which the court observed would expand the scope of the hearing, defendant's attorney sought an adjournment to prepare a defense. At that point, the court declared that it would limit proof to only those issues raised in plaintiff's motion, and clearly decided—with regard to the scope of the hearing—that the previous finding of contempt "is not before the court."

Given this express ruling and the limited scope of the pleadings, the only proper issues at the hearing were the enforcement of the judgment of divorce and whether defendant had

committed any new acts of contempt since the entry of that judgment. Notably, no new findings of contempt were made by Supreme Court. Accordingly, it was error for the court, under these circumstances, to vacate the previously stayed jail sentence.

We have considered defendant's remaining claims and find them lacking in merit.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as (1) directed that defendant pay plaintiff $7,349.64 and $3,241.44 for debts relating to the Chevy Tahoe and the 2003 school taxes, respectively, and (2) lifted the stay on defendant's previously imposed 60-day jail sentence, and, as so modified, affirmed.