MICHAEL MONGELLI, Appellant, v SUSAN MONGELLI, Respondent. [892 NYS2d 471]—

The Supreme Court erred in determining the plaintiff's child support obligation. While a court may depart from a party's reported income and impute income based on the party's past income or demonstrated earning potential (*see Viscardi v Viscardi,* 303 AD2d 401 [2003]), such a determination must be grounded in law and fact (*see Petek v Petek,* 239 AD2d 327, 328 [1997]). Here, the court failed to properly consider that the plaintiff's opportunities to earn overtime compensation at his job had lessened in recent years, and that the home improvement jobs that he performed on the side were for family and friends, with no showing that he profited therefrom. Thus, the plaintiff's child support obligation, as determined by the Supreme Court based upon income imputed to the plaintiff, must be modified.

We recalculate the plaintiff's child support obligation based on his total annual income of $70,254, as reflected on his 2007 federal tax return. Less FICA, his annual income for that year was $64,879.57. Since it is undisputed that the defendant's relevant annual income was $32,322 after the FICA deduction, the parties' combined parental income was $97,201.57. The plaintiff's pro rata share was 67% (*see* Domestic Relations Law § 240 [1-b] [f]).

As there were two unemancipated children, the applicable statutory percentage was 25% (*see* Domestic Relations Law § 240 [1-b] [b] [3] [ii]). The Supreme Court applied the statutory percentage to the total parental income in excess of $80,000 (*see* Domestic Relations Law § 240 [1-b] [c] [3]), finding that such a step was warranted for a number of reasons, which it set forth in its decision. Among other things, the court noted that doing so was consistent with the children's pre-separation standard of living. The court thus complied with *Matter of Cassano v Cassano* (85 NY2d 649 [1995]) (*see Kennedy v Kennedy,* 62 AD3d 755, 756-757 [2009]). We agree with the court's assessment, and similarly apply the statutory percentage to the combined parental income in excess of $80,000.

Applying the statutory percentage of 25% to the entire $97,201.57 in combined parental income, results in a basic child support obligation of $24,300.50 (*see* Domestic Relations Law § 240 [1-b] [b] [3] [ii]; [f]). Therefore, the plaintiff's child support obligation is 67% of that amount, or $1,356.77 monthly. Upon the emancipation of the older of the parties' two uneman-

cipated children, the plaintiff's support obligation will be payable at a statutory rate of 17%, and his support obligation will become $922.60 monthly.

The court properly determined that the defendant is entitled to an equitable share of the appreciation in the value of the marital residence over the course of the marriage, notwithstanding that the residence was the separate property of the plaintiff until 1999, when the property was transferred into the names of the plaintiff and the defendant as tenants by the entirety. The increase in the value of separate property remains separate property "except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law § 236 [B] [1] [d] [3]; *see Price v Price,* 69 NY2d 8 [1986]), at which point the increase in value becomes marital property, in accordance with the rule that the definition of marital property is to be broadly construed, given the principle that a marriage is an economic partnership (*see Mesholam v Mesholam,* 11 NY3d 24, 28 [2008]; *Price v Price,* 69 NY2d 8, 14-15 [1986]). The record establishes that the appreciation in the value of the marital residence was attributable to the joint efforts of the parties (*see Kilkenny v Kilkenny,* 54 AD3d 816, 818-819 [2008]; *Michelini v Michelini,* 47 AD3d 902, 903 [2008]; *Lagnena v Lagnena,* 215 AD2d 445, 446 [1995]). Thus, the defendant is entitled to share equitably in that increased value. In addition, the court's award of a separate property credit to the plaintiff in the sum of only $48,000 for the value of the marital residence at the time the parties were married was proper.

The award of reasonable counsel fees is a matter within the sound discretion of the trial court (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881-882 [1987]). The issue of counsel fees is controlled by the equities and circumstances of each case, and the trial court must consider the parties' respective financial circumstances in determining whether an award is appropriate (*see Kearns v Kearns,* 270 AD2d 392, 393 [2000]). Here, considering all of the factors, the court found that the plaintiff was in a better financial position to pay for a portion of the defendant's legal expenses and the reasonable amount of fees for the litigation. The trial court did not improvidently exercise its discretion in its award of counsel fees.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Florio, Miller and Hall, JJ., concur.