■ IRENE COULON, Respondent, v HOWARD R. COULON, JR., Appellant. [918 NYS2d 779]—

A qualified domestic relations order (hereinafter QDRO) entered pursuant to a stipulation of settlement "can convey only those rights to which the parties stipulated as a basis for the judgment" (*McCoy v Feinman*, 99 NY2d 295, 304 [2002]). Thus, a court cannot issue a QDRO more expansive or "encompassing rights not provided in the underlying stipulation" (*id.*; see *Von Buren v Von Buren*, 252 AD2d 950, 950-951 [1998]; *De Gaust v De Gaust*, 237 AD2d 862, 863 [1997]).

Here, the parties' 1992 stipulation of settlement, which was incorporated but not merged in their judgment of divorce, provides for the plaintiff to receive a share of the defendant's pension in accordance with *Majauskas v Majauskas* (61 NY2d 481 [1984]). However, "pension benefits and death benefits are two distinct matters" (*Kazel v Kazel*, 3 NY3d 331, 334 [2004]), and a stipulation which is silent as to death benefits cannot be read to include an intent to include such benefits (*id.* at 335; see *McCoy v Feinman*, 99 NY2d at 303). Since the parties' stipula-

tion contains no provision entitling the plaintiff to be designated as a surviving spouse under the preretirement and postretirement survivor annuity provisions of the defendant's pension plan and to receive a share of such benefits in the event of his death, it was error for the Supreme Court to include such a provision in the QDRO (*see McCoy v Feinman*, 99 NY2d at 304; *Page v Page*, 31 AD3d 1172, 1173 [2006]; *Hoke v Hoke*, 27 AD3d 1055, 1056 [2006]; *Moran v Moran*, 289 AD2d 544, 545 [2001]; *Von Buren v Von Buren*, 252 AD2d at 950-951; *De Gaust v De Gaust*, 237 AD2d at 863). Accordingly, the QDRO must be reversed insofar as appealed from, and the matter remitted to the Supreme Court, Orange County, for the entry of an amended QDRO. Rivera, J.P., Dillon, Hall and Roman, JJ., concur.