The Supreme Court properly determined that the defendant was entitled to an equitable share of the appreciation in the *766 value of the marital residence over the course of the marriage. The defendant was entitled to a portion of the appreciation of the residence, notwithstanding that it was the plaintiffs separate property. The increase in the value of separate property remains separate property “except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse” (Domestic Relations Law § 236 [B] [1] [d] [3]; see Price v Price, 69 NY2d 8 [1986]). At that point, the increase in value becomes marital property, in accordance with the rule that the definition of marital property is to be broadly construed, given the principle that a marriage is an economic partnership (see Mesholam v Mesholam, 11 NY3d 24, 28 [2008]; Price v Price, 69 NY2d at 14-15; Mongelli v Mongelli, 68 AD3d 1070 [2009]). The record establishes that the appreciation in the value of the marital residence was attributable to the joint efforts of the parties (see Mongelli v Mongelli, 68 AD3d 1070 [2009]; Kilkenny v Kilkenny, 54 AD3d 816, 818-819 [2008]; Michelini v Michelini, 47 AD3d 902, 903 [2008]; Lagnena v Lagnena, 215 AD2d 445, 446 [1995]). Thus, the defendant is entitled to share equitably in that increased value from the date of the parties’ marriage.
Contrary to the plaintiffs contention, the rental income she received, although initially separate property, became marital property subject to equitable distribution. The plaintiffs own testimony traced the money to a certificate of deposit at Astoria Federal Savings naming the defendant as the beneficiary, and described the proceeds as “joint money from the rental of the apartment” (see Renga v Renga, 86 AD3d 634 [2011]; Spera v Spera, 71 AD3d 661 [2010]; Schwalb v Schwalb, 50 AD3d 1206 [2008]).
However, the plaintiff is correct that the Supreme Court erred in directing her to select a pension option which would provide the defendant with a preretirement death benefit. The parties’ stipulation of settlement “is an independent contract which is subject to the principles of contract interpretation” (Von Buren v Von Buren, 252 AD2d 950, 950 [1998] [internal quotation marks omitted]; see De Gaust v De Gaust, 237 AD2d 862, 862 [1997]). “Where, as here, the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence” (Rainbow v Swisher, 72 NY2d 106, 109 [1988]; see Von Buren v Von Buren, 252 AD2d at 950; Keith v Keith, 241 AD2d 820, 822 [1997]) There is nothing in the parties’ stipulation of settlement to suggest that the parties intended to provide the defendant with the right to receive that death benefit (see Von Buren v Von Buren, 252 AD2d at 951; Keith v Keith, 241 AD2d at 822; De Gaust v De Gaust, 237 AD2d 862 [1997]).
*767 The plaintiffs remaining contentions are without merit. Dillon, J.E, Leventhal, Hall and Austin, JJ., concur.