■ ROBERT DeEttore, Sr., Appellant, v JEANE DeEttore, Respondent. [953 NYS2d 862]—

In a matrimonial action in which the parties were divorced by judgment entered September 29, 2010, the plaintiff former husband appeals, as limited by his brief, from so much of an or-

der of the Supreme Court, Dutchess County (Sproat, J.), dated February 10, 2011, as denied his motion to vacate or modify a "Court Order Acceptable for Processing" of the same court dated October 18, 2010.

Ordered that the order dated February 10, 2011, is affirmed insofar as appealed from, with costs.

The plaintiff contends that stated portions of a "Court Order Acceptable for Processing" (hereinafter COAP) dated February 10, 2011, directing the equitable distribution of his benefits under the Federal Civil Service Retirement System, gave the defendant survivorship benefits that were not agreed upon by the parties in their stipulation of settlement made in open court. The term "court order acceptable for processing" is a term used under the Federal Civil Service Retirement System for an order dividing pension assets (5 CFR 838.302). It is similar in effect to a qualified domestic relations order (*see Elwell v Elwell*, 34 AD3d 1337, 1338 [2006]).

We agree with the plaintiff that the parties' stipulation of settlement is silent as to the contested survivorship benefits, and therefore cannot be read to include them (*see Kazel v Kazel*, 3 NY3d 331, 334-335 [2004]; *McCoy v Feinman*, 99 NY2d 295, 302-303 [2002]; *Casella v Casella*, 306 AD2d 800, 801 [2003]; *Moran v Moran*, 289 AD2d 544 [2001]; *Von Buren v Von Buren*, 252 AD2d 950, 951 [1998]; *Wieners v Wieners*, 239 AD2d 493, 494 [1997]; *De Gaust v De Gaust*, 237 AD2d 862, 863 [1997]). However, the contested survivorship benefits were incorporated into the judgment of divorce, and the husband never moved to resettle the judgment.

The purpose of a retirement benefits order such as the subject COAP is to distribute benefits in accordance with the underlying stipulation or judgment of divorce (*see Kazel v Kazel*, 3 NY3d at 334; *McCoy v Feinman*, 99 NY2d at 304). Here, since the subject COAP reflects the terms of the divorce judgment, the Supreme Court properly denied the plaintiff's motion to vacate or modify it. Eng, P.J., Dillon, J.P., Balkin and Chambers, JJ., concur.