■ BENJAMIN NAVARETTE, Respondent, v CELINA NAVARETTE, Appellant. [969 NYS2d 797]—

In a matrimonial action in which the parties were divorced by judgment entered May 3, 1999, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Thomas, J.), dated April 16, 2012, as denied that branch of her motion which was for an award of interest on her share of the plaintiff's pension from the date of the commencement of the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action for a divorce and ancillary relief on February 2, 1997. In January 1999, in open court, the parties entered into a stipulation of settlement in which they agreed that the defendant would be entitled to 37% of the value of the plaintiff's pension. The value of that pension was to be determined as of the date the action was commenced. The stipulation of settlement was incorporated, but not merged, into the judgment of divorce, which was entered on May 3, 1999. In August 2011, the defendant moved, inter alia, for an award of interest on her share of the plaintiff's pension from the date of the commencement of the action. The Supreme Court denied that branch of the motion.

The parties' stipulation of settlement is a contract "subject to [the] principles of contract construction and interpretation" (*Ackermann v Ackermann*, 82 AD3d 1020, 1020 [2011]; *see McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *Zuchowski v Zuchowski*, 85 AD3d 777, 778 [2011]; *Rosenberger v Rosenberger*, 63 AD3d 898, 899 [2009]). Accordingly, the court should construe a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation, as revealed by the record as a whole (*see White v Mazella-White*, 60 AD3d 1047, 1049 [2009]; *McWade v McWade*, 253 AD2d 798, 799 [1998]; *De Gaust v De Gaust*, 237 AD2d 862, 862 [1997]; *Sklerov v Sklerov*, 231 AD2d 622, 622 [1996]; *see also Coulon v Coulon*, 82 AD3d 929, 929-930 [2011]).

Here, the parties were aware that the plaintiff would not retire immediately after the divorce was finalized and that the defendant therefore would have to wait to collect her share of the pension. The parties had the ability to provide for this circumstance in various ways. One way would have been to provide for interest on the defendant's share of the plaintiff's pension. The record establishes that they did not choose this option (*see Altner v Altner*, 281 AD2d 379, 379 [2001]).

The defendant's remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for an award of interest on her share of the plaintiff's pension from the date of the commencement of the action (*see Twiss v Twiss*, 245 AD2d 502, 502 [1997]; *cf. Coulon v Coulon*, 82 AD3d at 929-930). Mastro, J.P., Balkin, Hall and Austin, JJ., concur.