Aspromatis v Aspromatis
2026 NY Slip Op 03657
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Steven Aspromatis, appellant,
v
Martha Aspromatis, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2025-01536, (Index No. 619079/21)
Mark C. Dillon, J.P.
Helen Voutsinas
Laurence L. Love
Elena Goldberg Velazquez, JJ.

Richard M. Gordon & Associates, P.C., Huntington, NY, for appellant.
Marnell Law Group, P.C., Melville, NY (Russell I. Marnell and Susan Marnell of counsel), for respondent.

[*1]
DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an amended order of the Supreme Court, Suffolk County (John J. Leo, J.), dated January 27, 2025. The amended order, insofar as appealed from, granted that branch of the defendant's motion which was to hold the plaintiff in civil contempt for violating certain provisions of a so-ordered stipulation of settlement dated August 15, 2023, regarding the survivor benefit of the plaintiff's pension, imposed certain penalties upon the plaintiff for violating those provisions of the so-ordered stipulation of settlement, and awarded the defendant an attorney's fee in the sum of $7,006.50.
ORDERED that the amended order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to hold the plaintiff in civil contempt for violating certain provisions of the so-ordered stipulation of settlement regarding the survivor benefit of the plaintiff's pension is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
The plaintiff commenced this action for a divorce and ancillary relief in 2021, and the parties entered into a so-ordered stipulation of settlement dated August 15, 2023. The stipulation of settlement included provisions relating to the survivor benefit of the plaintiff's pension from the United States Postal Service (hereinafter USPS). The parties subsequently disagreed as to whether those provisions required the plaintiff to elect a survivor benefit in favor of the defendant to continue after the divorce. The defendant then moved, inter alia, to hold the plaintiff in civil contempt for violating, among other things, the survivor benefit provisions of the stipulation of settlement. Shortly thereafter, a judgment of divorce was entered incorporating but not merging the stipulation of settlement. The Supreme Court subsequently granted that branch of the defendant's motion which was to hold the plaintiff in civil contempt for violating the survivor benefit provisions of the stipulation of settlement, imposed certain penalties upon the plaintiff for violating those provisions, and awarded the defendant an attorney's fee in the sum of $7,006.50 in connection with making the contempt motion. The plaintiff appeals.
The Supreme Court erred in holding the plaintiff in civil contempt for violating the survivor benefit provisions of the stipulation of settlement. A determination that a party is in civil contempt requires clear and convincing evidence that the alleged contemnor violated a lawful order [*2]of the court, clearly expressing an unequivocal mandate, of which the alleged contemnor had knowledge, and that a right of a party to the litigation was prejudiced as a result of the violation (see Judiciary Law § 753[A][3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29). Here, contrary to the defendant's contention, the stipulation of settlement did not clearly and unequivocally direct the plaintiff to elect the USPS pension survivor benefit for the defendant postdivorce. "[C]ourts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include" (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [internal quotation marks omitted]). Concomitantly, the court erred in directing the plaintiff to execute all documents necessary to make the survivor benefit election in favor of the defendant after the divorce.
The stipulation of settlement also does not clearly and unequivocally direct the plaintiff to agree to a qualified domestic relations order (hereinafter QDRO) requiring the plaintiff to make such election. A QDRO cannot encompass rights not provided in, or more expansive than, the underlying stipulation of settlement (see McCoy v Feinman, 99 NY2d 295, 304-305; Kraus v Kraus, 131 AD3d 94, 100-101; Coulon v Coulon, 82 AD3d 929).
As there was no underlying contempt for violating the survivor benefit provisions of the stipulation of settlement, the penalties imposed upon the plaintiff for violating those provisions were accordingly improper, and no attorney's fee should have been awarded in connection with that branch of the defendant's motion which was to hold the plaintiff in civil contempt for violating those provisions (see Judiciary Law § 773; Matter of McCormick v Axelrod, 59 NY2d 574, 582-583). As the precise amount of the attorney's fee attributable to that branch of the motion, as opposed to other branches of the motion related to other contempt allegations that are not at issue on this appeal, cannot be determined on this record, the matter must be remitted to the Supreme Court, Suffolk County, for further proceedings to determine that issue.
DILLON, J.P., VOUTSINAS, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court