■ RONALD A. SILVER, Respondent-Appellant, v LYNNE M. SILVER, Appellant-Respondent. [718 NYS2d 645] —In a matrimonial action in which the parties were divorced by judgment entered July 14, 1997, the defendant appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Westchester County (Nicolai, J.), entered July 1, 1999, which, after a hearing, *inter alia*, gave the plaintiff the option to purchase the parties' marital apartment in New York City for the sum of $85,000 in lieu of selling it and dividing the proceeds and valued certain marital assets, including the husband's pension plans, as of the date of the commencement of the action, (2) so much of an order of the same court, entered August 31, 1999, as denied that branch of her motion which was to modify the valuation dates of certain marital assets, and (3) from an order of the same court, entered November 10, 1999, which denied her motion to vacate so much of the order entered July 1, 1999, as valued the parties' marital apartment, and the plaintiff cross-appeals, as limited by his brief, from stated portions of the order entered July 1, 1999, which, *inter alia*, directed him to pay the defendant the sum of $11,000 in arrears for support and granted the defendant's application for an attorney's fee in the sum of $70,000.

Ordered that the order entered July 1, 1999, is modified, as a matter of discretion, by deleting the provision thereof granting the plaintiff the option of purchasing the parties' marital

apartment for the sum of $85,000; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order entered August 31, 1999, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered November 10, 1999, is affirmed, without costs or disbursements.

Contrary to defendant's contention, the Supreme Court providently exercised its discretion in limiting her equitable share of the plaintiff's pension plans to 50% of that portion earned during the period beginning with the date of their marriage and ending with the date of commencement of this action (*see, Majauskas v Majauskas,* 61 NY2d 481; *Cohn v Cohn,* 155 AD2d 412). We note that the Qualified Domestic Relations Orders which are to be prepared to effectuate the transfer of the defendant's share of the pension plans should conform with the principles discussed in *Olivo v Olivo* (82 NY2d 202) to ensure that the defendant realizes her "right to share in the pension[s] as [they are] ultimately determined" (*Olivo v Olivo, supra,* at 210; *see, Majauskas v Majauskas, supra*).

However, in directing equitable distribution of the marital apartment, the Supreme Court improvidently exercised its discretion in granting the plaintiff the option of purchasing the defendant's share of that apartment for $85,000. Rather, the apartment should be sold and the proceeds divided equally as provided for in the order entered July 1, 1999.

The parties' remaining contentions lack merit. Ritter, J. P., Altman, H. Miller and Smith, JJ., concur.