■ CHRISTINE A. CARNICELLI, Appellant, v SAMUEL V. CARNICELLI, Respondent. [752 NYS2d 758] —Appeal from an order of Supreme Court, Monroe County (Ark, J.), entered August 8, 2000, which denied plaintiff's motion seeking to set aside the stipulation of the parties and granted defendant's cross motion seeking an award of attorney's fees in the amount of $500.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendant's cross motion and vacating the award of attorney's fees and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly denied plaintiff's motion seeking to set aside the stipulation of the parties in this divorce action, placed on the record in open court and acknowledged by an affidavit of appearance and adoption of oral stipulation. According to plaintiff, the stipulation should have included the provision that defendant pay her $8,000 as her equitable share of the marital residence and the defendant's paving business. Plaintiff contends that the parties had agreed to that provision in exchange for her agreement to redact certain portions of the verified complaint but that her attorney was distracted by a question from her while defendant's attorney was placing the stipulation on the record. Thus, plaintiff contends that neither she nor her attorney was aware that the provision had not been included in the stipulation until her attorney thereafter reviewed the transcript of the proceeding. In opposition to the motion, defendant's attorney submitted an affirmation stating that the parties had not agreed to such a provision. He had stated on the record in open court that, in exchange for the waiver by plaintiff of her share of those assets, defendant had agreed to waive his right to receive both future child support for the parties' 13-year-old son and the child support arrears owed by plaintiff, and he had waived his right to his share of plaintiff's pension. Defendant's attorney further stated that plaintiff had agreed to redact portions of the verified complaint in exchange for the withdrawal of defendant's answer and counterclaim. " '[S]tipulations of settlement meet with judicial favor, especially where, as here, the terms are read into the record in open court and the party seeking to vacate the stipulation was represented by competent

counsel' " (*Hunt v Hunt* [appeal No. 2], 184 AD2d 1010, 1010-1011; *see Ashcraft v Ashcraft* [appeal No. 2], 195 AD2d 963, 964). The record belies plaintiff's contention that the terms of the stipulation are "unfair and unreasonable, providing no benefit to plaintiff," and we conclude that the court properly denied plaintiff's motion to set it aside.

We further conclude that the court abused its discretion in granting defendant's cross motion seeking an award of attorney's fees. Defendant contends that the award was based on the court's determination that plaintiff's motion was frivolous (*see e.g. Nelson v Nelson,* 290 AD2d 826, 828). The record is silent with respect to the court's rationale for awarding defendant fees in the amount of $500, however, and thus we are unable to determine whether the court considered "appropriate factors" in granting the cross motion (*Vicinanzo v Vicinanzo,* 193 AD2d 962, 966; *cf. Strang v Strang,* 222 AD2d 975, 979). We conclude on the record before us that the award is not appropriate, and we therefore modify the order by denying defendant's cross motion and vacating the award of attorney's fees. Present—Pigott, Jr., P.J., Green, Hayes, Scudder and Lawton, JJ.