■■■ CAROL A. CUDA, Respondent, v GARY D. CUDA, Appellant. (Appeal No. 1.) [795 NYS2d 923]—Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered December 16, 2003. The order, among other things, adjudged that defendant's retirement benefits, to the extent they accrued during the marriage, are marital property.

Appeal from an amended order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered July 1, 2004. The amended order, among other things, adjudged that defendant's retirement benefits, to the extent they accrued during the marriage, are marital property.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We note at the outset that defendant appeals from an amended qualified domestic relations order (QDRO) and that no appeal lies as of right from a QDRO. Nevertheless, we treat the notice of appeal as an application for leave to appeal, grant the application and consider the merits of defendant's appeal (*see Irato v Irato*, 288 AD2d 952 [2001]; *cf. Gartley v Gartley*, 15 AD3d 995, 996 [2005]; *Shaw v Shaw*, 15 AD3d 1007 [2005]).

We reject defendant's contention that the amended QDRO does not reflect the parties' stipulation with regard to plaintiff's share of defendant's retirement benefits. "A court should construe a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation as illustrated in the record as a whole" (*De Gaust v De Gaust*, 237 AD2d 862, 862 [1997]; *see Pellino v Pellino*, 308 AD2d 522 [2003]). Viewing the record as a whole, we conclude that the amended QDRO properly reflects the parties' agreement that plaintiff would receive her share of benefits upon defendant's

retirement in accordance with the *Majauskas* formula (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]), and that her share was not limited to a portion of the value of those benefits as of the date on which the action was commenced (*cf. McWade v McWade*, 253 AD2d 798, 799 [1998]). Present—Pigott, Jr., P.J., Green, Gorski, Pine and Lawton, JJ.