■ RUTH FLORES, Respondent, v PRIMO FLORES, Appellant. [803 NYS2d 47]—

Orders, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered November 23, 2004 and January 5, 2005, which, inter alia, declared defendant's retirement benefits with the New York City Police Department, including any amounts payable under the police Superior Officers' Variable Supplement Fund (SOVSF) to the extent to which they accrued during the marriage, to be marital property, and denied defendant's motion for a credit for maintenance payments he made on the parties' condominium in Puerto Rico, unanimously affirmed, without costs.

The court properly rejected defendant's contention that variable supplement funds are independent of any benefit under the pension fund and that plaintiff was not, therefore, entitled to share in them. Defendant's SOVSF benefits constituted marital property in which plaintiff was entitled to share (*see DeLuca v DeLuca*, 97 NY2d 139 [2001]). Plaintiff's share of defendant's pension was not limited to a portion of the value of those benefits as of the date on which the action was commenced (*see Cuda v Cuda* [appeal No. 2], 19 AD3d 1114 [2005]).

The court also properly refused to order plaintiff to reimburse defendant for his postdivorce payment of maintenance expenses

for the parties' condominium in Puerto Rico. Defendant failed to cross-move for such relief pursuant to CPLR 2215, and, in any event, failed to substantiate his payments and to establish that plaintiff was unjustly enriched (*see Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415 [1972]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ.