■ Susan Pagliaro, Appellant, v Robert H. Pagliaro, Respondent. [821 NYS2d 602]—

In a matrimonial action in which the parties were divorced by judgment dated April 30, 2003, the plaintiff appeals, by permission, as limited by her brief, from so much of a qualified domestic relations order of the Supreme Court, Orange County (Owen, J.), dated February 22, 2005, as failed to distribute to the plaintiff a portion of the defendant's Variable Supplements Fund benefits and cost of living adjustments.

Ordered that the qualified domestic relations order is modified, on the law, by deleting the second sentence of the fourth decretal paragraph thereof, and substituting therefor the following: "The term 'retirement allowance' means the total amount payable to the participant by the New York City Police Pension Fund, including any Variable Supplements Fund benefits and cost of living adjustments; and it is further"; as so modified, the qualified domestic relations order is affirmed insofar as appealed from, with costs to the appellant.

The parties were divorced in April 2003. The judgment of divorce incorporated the terms and conditions of an amended separation agreement dated January 15, 2003 (hereinafter the Agreement). The Agreement provided, inter alia, that the plaintiff would share in the pension benefits of the defendant, a New York City Police Officer. The judgment of divorce directed, among other things, the settlement of a qualified domestic relations order (hereinafter QDRO).

On February 22, 2005, the Supreme Court signed a QDRO which had been drafted by the defendant's attorney. The QDRO, as signed, excluded any variable supplement fund (hereinafter VSF) benefits from the definition of "retirement allowance" and was silent as to cost of living adjustments (hereinafter COLAs). The plaintiff argues that the Supreme Court erred in excluding from the QDRO the defendant's VSF benefits and COLAs payable in relation to his pension. The defendant concedes that the plaintiff is entitled to an equitable share of pension-related COLAs. We agree with the plaintiff that she is also entitled to an equitable share of VSF benefits.

Pensions represent a form of deferred compensation paid after retirement in lieu of the receipt of greater compensation during the period of employment (see *Majauskas v Majauskas*, 61 NY2d 481, 491-492 [1984]). Pension rights earned during a marriage, prior to a separation agreement or matrimonial action, are marital property subject to equitable distribution (*id.*

at 490-491). While certain assets created after the divorce do not constitute marital property, enhanced retirement income is marital property subject to equitable distribution, since a non-employee spouse is entitled to share in the pension of the employee spouse as it is ultimately determined (*see Olivo v Olivo*, 82 NY2d 202, 209-210 [1993]). As VSF benefits and COLAs are merely supplements and enhancements to already existing pension benefits, the nonemployee spouse is entitled to an equitable share (*see DeLuca v DeLuca*, 97 NY2d 139 [2001]; *Johnson v Johnson*, 297 AD2d 279 [2002]; *Flores v Flores*, 22 AD3d 372 [2005]; *Ross v Ross*, 16 AD3d 713, 714 [2005]).

We reject the defendant's argument that the plaintiff is not entitled to a share of the defendant's VSF because the Agreement did not specifically provide for such payments. The defendant incorrectly relies upon cases which have held that parties must explicitly provide for an allocation of preretirement death benefits in a settlement/separation agreement in order for the nonemployee spouse to receive an equitable share of those benefits (*see Kazel v Kazel*, 3 NY3d 331, 334-335 [2004]). Death benefits, unlike pension enhancements, are separate interests, independent of retirement benefits (*id.* at 334). Thus, in order for a nonemployee spouse to be entitled to a share of the other spouse's death benefits, the parties must make specific provision for such entitlement in their marital agreement (*id.*). It was not necessary for the Agreement to specifically provide for the plaintiff to receive an equitable share of the VSF benefits and COLAs, because they were merely supplements to the existing pension asset (*see Olivo v Olivo, supra* at 210). Accordingly, the QDRO signed by the Supreme Court should have conformed with the *Olivo* principles to ensure that the plaintiff realized her right to share in the pension benefits as they are ultimately determined (*see Silver v Silver*, 278 AD2d 478, 479 [2000]). Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.