█ GORDON H. ELWELL, JR., Appellant, v MAUREEN B. ELWELL, Respondent. (Appeal No. 1.) [826 NYS2d 920]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered April 20, 2004. The order, among other things, assigned to defendant a portion of plaintiff's retirement benefits under the Federal Employees' Retirement System.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from a "Court Order Acceptable for Processing" and a "Qualifying Court Order" (collectively, Orders) directing the equitable distribution of his federal civilian and military retirement benefits. We note that each order is similar in effect to a qualified domestic relations order (QDRO). Although no appeal lies as of right from a QDRO and thus plaintiff also may not appeal as of right from the Orders herein (*see generally Gartley v Gartley*, 15 AD2d 995, 996-997 [2005]), we nevertheless treat the notice of appeal as an application for leave to appeal from each order, grant the application and consider the merits of plaintiff's contentions (*see generally Irato v Irato*, 288 AD2d 952 [2001]).

We reject the contention of plaintiff that the Orders do not reflect the parties' stipulation concerning defendant's share of his retirement benefits. The record reflects that Supreme Court properly construed the "stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation as illustrated in the record as a whole" (*De Gaust v De Gaust*, 237 AD2d 862, 862 [1997]; *see Pellino v Pellino*, 308 AD2d 522 [2003]). Viewing the record as a whole, we conclude that each order properly reflects the parties' stipulation that defendant would receive her share of benefits upon plaintiff's retirement in accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481 [1984]), and that defendant's share of benefits was not limited to a portion of the value of those benefits as of the date on which the action was commenced (*see Cuda v Cuda*, 19 AD3d 1114, 1114-1115 [2005]; *cf. McWade v McWade*, 253 AD2d 798, 799 [1998]). Present—Hurlbutt, A.P.J., Gorski, Smith and Centra, JJ.