MICHAEL STACHOWSKI, Respondent, v DONNA STACHOWSKI, Appellant. [825 NYS2d 416]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), dated September 28, 2005. The order denied defendant's motion for approval of a qualified domestic relations order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff and defendant were married on December 5, 1975, and divorce proceedings were commenced in March 2003. On February 2, 2004, the parties entered into a separation agreement (agreement) that was incorporated but not merged into the judgment of divorce. Pursuant to the terms of the agreement, defendant was to receive 50% of plaintiff's General Motors pension plan benefits in accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481 [1984]) and defendant's attorney was to prepare a qualified domestic relations order (QDRO) to effectuate that entitlement. Defendant's attorney submitted a proposed QDRO containing death benefits to which plaintiff's attorney objected on the ground that the agreement did not provide for death benefits. Defendant's attorney prepared a second proposed QDRO, which provided in part that benefits to defendant may commence, at her option, at any time after plaintiff has attained eligibility to retire and that benefits to defendant shall be payable for the duration of her lifetime. After plaintiff's counsel objected to the second proposed QDRO, defendant moved for approval of it.

Contrary to the contention of defendant, Supreme Court properly denied her motion. Defendant is not entitled to a separate interest to be paid over her lifetime because that right was not explicitly stated in the agreement (*see generally Kazel v Kazel*, 3 NY3d 331 [2004]). Thus, the QDRO at issue deviates from the agreement as incorporated into the judgment of divorce (*see generally Olivo v Olivo*, 82 NY2d 202, 210 [1993]; *Majauskas*, 61 NY2d at 490-491). We note that defendant correctly concedes that she is not entitled to, and does not seek, a surviving spouse benefit. Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.