JAMES R. DeLapp, Appellant, v MARY A. DeLapp, Respondent. (Appeal No. 1.) [829 NYS2d 381]—

Appeal from an order of the Supreme Court, Onondaga

County (James P. Murphy, J.), entered November 30, 2005. The order, insofar as appealed from, denied plaintiff's motion seeking to vacate and amend a qualified domestic relations order and granted that part of defendant's cross motion to submit an amended qualified domestic relations order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and amending the amended qualified domestic relations order and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Supreme Court properly denied that part of plaintiff's motion seeking to vacate and amend the qualified domestic relations order (QDRO) to include language limiting defendant's share of plaintiff's retirement benefits based upon plaintiff's earnings and years of credited service as of the date of commencement of the action for divorce. We reject the contention of plaintiff that the QDRO does not reflect the parties' stipulation with respect to defendant's share of his retirement benefits. Rather, the QDRO "properly reflects the parties' stipulation that defendant would receive her share of benefits upon plaintiff's retirement in accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481 [1984]), and that defendant's share of benefits was not limited to a portion of the value of those benefits as of the date on which the action was commenced" (*Elwell v Elwell*, 34 AD3d 1337, 1338 [2006]).

Plaintiff, however, is solely entitled to the increase in pension benefits attributable to his purchase of three additional years of credit for military service (*see* Retirement and Social Security Law § 1000). Plaintiff's three years of military service preceded the marriage and the purchase of credit was made following the divorce. Thus, the increase in plaintiff's pension benefit attributable to that credit is plaintiff's separate property (*see* *Valachovic v Valachovic*, 9 AD3d 659 [2004]). We therefore modify the order accordingly, and we remit the matter to Supreme Court to amend the amended QDRO that was subsequently issued to reflect that the increase in pension benefits attributable to plaintiff's purchase of three additional years of credit for military service is plaintiff's separate property. Present—Scudder, P.J., Gorski, Martoche and Green, JJ.