■ DENIS J. KENNELTY, Appellant, v KATHLEEN W. KENNELTY, Respondent. [882 NYS2d 604]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered April 17, 2008 in a divorce action. The order denied the motion of plaintiff for leave to file an amended qualified domestic relations order.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied plaintiff's motion for leave to file an amended qualified domestic relations order (QDRO). The parties stipulated to the entry of a QDRO that would fix the value of the parties' respective shares in a TIAA-CREF account as of a certain date. Plaintiff's attorney indicated at the time of the stipulation that defendant could withdraw her share of the funds or leave it in the account until a later date and that, "if she . . . elects to leave it in there and it increases, those are her gains, and if it decreases, those are her losses." We conclude that, pursuant to the terms of the stipulation, defendant was entitled to the passive gains on her share of the account between the date of the valuation of the account and the date on which her share was transferred to a separate account. The record establishes that the court properly construed the " 'stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation as illustrated in the record as a whole' " (*Cuda v Cuda*, 19 AD3d 1114, 1114 [2005]; *see Elwell v Elwell*, 34 AD3d 1337 [2006]). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.