SANTA RAYNOR, Respondent, v THOMAS RAYNOR, Appellant. [936 NYS2d 218]—

The plaintiff former wife and the defendant former husband were divorced after a nearly 40-year marriage by a judgment of

divorce entered September 24, 2008 (hereinafter the divorce judgment), which distributed the parties' property and, inter alia, provided for the plaintiff to receive one half of the marital portion of the defendant's pension and weekly maintenance in the amount of $600 until such time as the defendant retired from full-time employment or five years elapsed, when the maintenance award was to decrease to $200 per week.

On July 2, 2009, a comprehensive Qualified Domestic Relations Order was entered on notice to the parties, through counsel (hereinafter the QDRO). It is undisputed that the defendant asserted no objections to the QDRO.

In January 2010, the defendant accepted an early retirement package in the amount of $185,588.18 from his employer, Alcatel-Lucent USA, Inc. (hereinafter Lucent), in exchange for terminating his employment after approximately 47 years (hereinafter the early retirement package). In distributing the proceeds of the early retirement package from the Lucent pension fund, the manager of the pension fund construed the QDRO as including the early retirement package as marital property subject to equitable distribution, and directed that a portion of the early retirement package be paid to the plaintiff.

"Pensions represent a form of deferred compensation paid after retirement in lieu of the receipt of greater compensation during the period of employment" (*Pagliaro v Pagliaro*, 31 AD3d 728, 729 [2006]). Along with pension rights earned during a marriage prior to a separation agreement or matrimonial action, enhanced retirement income is deemed marital property subject to equitable distribution (*see DeLuca v DeLuca*, 97 NY2d 139, 144 [2001]; *Olivo v Olivo*, 82 NY2d 202, 209-210 [1993]; *Pagliaro v Pagliaro*, 31 AD3d at 730).

Contrary to the defendant's contention, his eligibility to receive the early retirement package was an enhancement to his pension which was, in effect, based on his pre-divorce years of employment with Lucent (*see Osorio v Osorio*, 84 AD3d 1333 [2011]; *cf. DeLuca v DeLuca*, 97 NY2d at 146; *Pagliaro v Pagliaro*, 31 AD3d at 729-730). Further, the Supreme Court properly found that the early retirement package was subject to equitable distribution pursuant to the provisions in the QDRO, which specifically entitled the plaintiff to a pro rata share "of any employer-provided early retirement subsidy" paid to the defendant on the date of his retirement.

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to modify the QDRO. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.