■ In the Matter of COLLEEN GURSKY, Appellant, v JOSEPH GURSKY, Respondent. [941 NYS2d 760]—

Rose, J. Appeal from an order of the Supreme Court (Czajka, J.), entered April 14, 2011 in Columbia County, which granted defendant's motion to direct entry of a qualified domestic relations order.

After plaintiff commenced an action for divorce, the parties entered into a partial written stipulation in which they agreed upon, among other things, the total present value of the marital portion of the defined benefits component of plaintiff's pension. They did not, however, reach any agreement as to the division of this asset. Instead, they specifically reserved their rights with respect to its equitable distribution. When they appeared for trial, they entered into an oral stipulation in which they agreed that the pension "will be divided pursuant to the *Majauskas* [f]ormula" (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]). The stipulation was incorporated but not merged into the judgment of divorce, and defendant then moved for an order directing entry of his proposed qualified domestic relations order. Plaintiff objected, arguing that the proposed order exceeded the terms of the parties' stipulation because it created a separate pension interest for defendant by providing that he could elect to receive payment from the pension plan when plaintiff reached the plan's early retirement age of 55, regardless of whether she had yet retired. Supreme Court rejected plaintiff's objections and granted the motion. We reverse.

A qualified domestic relations order based on a stipulation "can convey only those rights to which the parties stipulated as a basis for the judgment" (*McCoy v Feinman*, 99 NY2d 295, 304 [2002]; *see LaPierre v LaPierre*, 84 AD3d 1497, 1498 [2011]; *Montero v McFarland*, 70 AD3d 1282, 1284 [2010]). Where the language of the stipulation is unambiguous, the intent of the parties must be ascertained from within its four corners and we will not add language that the parties did not include (*see Mat-*

*ter of Lerman v Haines*, 85 AD3d 1248, 1248-1249 [2011]; *Ross v Ross*, 16 AD3d 713, 714 [2005]).

Here, there is no ambiguity. The parties agreed to divide the pension by applying the *Majauskas* formula. To interpret that agreement, Supreme Court was required to look to *Majauskas*, where the formula entitled the nonemployee spouse to receive a proportionate share of one half of each pension check received by the employee spouse, with the denominator of the fraction based on the length of the employee spouse's employment prior to his or her retirement (*see Majauskas v Majauskas*, 61 NY2d at 487). By invoking the *Majauskas* formula, without more, the parties stipulated that distribution of the pension would take effect upon plaintiff's retirement, as in *Majauskas*, resulting in a shared payment. Thus, Supreme Court's distribution of a separate pension interest to defendant prior to plaintiff's retirement improperly expanded the terms of the parties' stipulation (*see McCoy v Feinman*, 99 NY2d at 304-305; *Stachowski v Stachowski*, 35 AD3d 1245, 1246 [2006]; *De Gaust v De Gaust*, 237 AD2d 862, 862-863 [1997]).

Mercure, A.P.J., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.