# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

806

CA 11-00835

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

KATHLEEN E. ANDRESS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TERRANCE A. ANDRESS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LABIN & BUFFOMANTE, WILLIAMSVILLE (CLAYTON J. LENHARDT OF COUNSEL),
FOR DEFENDANT-APPELLANT.

ZARCONE ASSOCIATES, PLLC, GETZVILLE (KELLY V. ZARCONE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered August 30, 2010. The order, inter alia, directed defendant to pay plaintiff's counsel fees.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of plaintiff's motion seeking counsel fees and vacating the award of counsel fees and as modified the order is affirmed without costs.

Memorandum: In appeal No. 1, defendant appeals from an order in this post-matrimonial proceeding that, inter alia, directed him to pay plaintiff's counsel fees. Initially, we note that defendant's contentions regarding the amounts of maintenance and interest he was required to repay to plaintiff are not properly before this Court because Supreme Court decided those issues in a prior order from which defendant has not taken an appeal nor, in any event, is that order included in the record on appeal (see CPLR 5501 [a]; *Matter of Wahlstrom v Carlson*, 55 AD3d 1399, 1400; *Vigliotti v State of New York*, 24 AD3d 1217, 1218, *lv denied* 6 NY3d 819, 854). We agree with defendant, however, that the court abused its discretion in granting that part of plaintiff's motion seeking an award of counsel fees (see *Carnicelli v Carnicelli*, 300 AD2d 1093, 1094; *see generally McCracken v McCracken*, 12 AD3d 1201, 1201). While plaintiff asserted in support of her motion that she incurred counsel fees solely because of defendant's failure to disclose his remarriage, the record establishes that, even had he disclosed that information, the contested issues regarding maintenance would have nevertheless required litigation. Moreover, the record is silent regarding the court's rationale for awarding plaintiff counsel fees, and "thus we are unable to determine whether the court considered 'appropriate factors' in granting" that part of plaintiff's motion (*Carnicelli*, 300 AD2d at 1094; *see*

*generally Vicinanzo v Vicinanzo*, 193 AD2d 962, 966). We conclude on the record before us that the award is not appropriate, and we therefore modify the order in appeal No. 1 by denying that part of plaintiff's motion seeking counsel fees and vacating the award of counsel fees.

With respect to appeal No. 2, we note that defendant appeals from an amended domestic relations order (DRO) and that no appeal as of right lies from a DRO (*see Cuda v Cuda* [appeal No. 2], 19 AD3d 1114, 1114). While we may treat the notice of appeal in appeal No. 2 as an application for leave to appeal (*see id.*), we see no need to do so in light of our determination in appeal No. 1.