# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

679
CA 12-00806
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

DEIRDRE LOY, PLAINTIFF-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

LOUIS L. LOY, DEFENDANT-APPELLANT.

---

CHAMBERLAIN, D'AMANDA, OPPENHEIMER & GREENFIELD, LLP, ROCHESTER (JOHN A. SCHUPPENHAUER OF COUNSEL), FOR DEFENDANT-APPELLANT.

ZIMMERMAN & TYO, ATTORNEYS, SHORTSVILLE (JOHN E. TYO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered January 25, 2012.  The order, among other things, distributed defendant's pension benefits.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this postjudgment matrimonial proceeding, defendant appeals from a qualified domestic relations order (QDRO) that directed the New York State and Local Retirement System (retirement system) to pay his ex-wife her marital share of defendant's pension pursuant to the *Majauskas* formula (*see Majauskas v Majauskas*, 61 NY2d 481, 489-491).  Although no appeal lies as of right from a QDRO (*see Andress v Andress*, 97 AD3d 1151, 1152; *Cuda v Cuda* [appeal No. 2], 19 AD3d 1114, 1114), we nevertheless treat the notice of appeal as an application for leave to appeal and grant the application (*see Cuda*, 19 AD3d at 1114).

With respect to the merits, defendant contends that Supreme Court should have ordered the retirement system to calculate his "retirement allowance" as being the "hypothetical" benefit he would have received based on his years of service as of the date on which the divorce action was commenced, rather than as being the actual benefit he later received upon retirement.  According to defendant, the QDRO entered by the court improperly awards plaintiff a portion of his separate property, i.e., the increases in his "retirement allowance" attributable to step increases and promotional increases in his pay that occurred after the date of commencement of the divorce action. We reject that contention.  As the Court of Appeals stated in *Majauskas*, where the pension participant made a similar argument, the fact that a participant's three highest years of earnings may occur after divorce does affect the alternate payee's marital share of the

pension benefits, "for as the Delaware Supreme Court held in *Jerry L.C. v Lucille H.C.* [448 A2d 223, 226], '[s]ince each employment year is counted for pension purposes each contributes to the high salary years' " (*id.* at 492). The cases relied upon by defendant are distinguishable because they involve defined contribution retirement plans (*see Wegman v Wegman*, 123 AD2d 220; *Kammerer v Kammerer,* 2001 NY Slip Op 40218[U]), whereas here defendant has a defined benefit plan.

Defendant further contends, seemingly in the alternative, that the QDRO is inconsistent with the parties' stipulation, which he interprets as giving plaintiff a share of his pension as if he retired on the date of commencement of the divorce action. That contention is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). In any event, defendant's contention lacks merit. The stipulation makes no reference to a hypothetical retirement date; instead, it simply provides that plaintiff's share of the pension will be determined pursuant to the *Majauskas* formula, and that is what the QDRO accomplishes.

Entered: July 19, 2013                                         Frances E. Cafarell
                                                              Clerk of the Court