■ In the Matter of JAMES B. ZANE, Also Known as JAMES BERNARD ZANE, Deceased. EDWARD S. RUDOFSKY et al., Respondents; JANE MINION ZANE, Appellant. [27 NYS3d 581]—

In a probate proceeding in which Edward S. Rudofsky, Eric S. Horowitz, Leah Waldman, and Harry Skydell, coexecutors of the estate of James B. Zane, also known as James Bernard Zane, petitioned for the judicial settlement of the estate, the objectant, Jane Minion Zane, appeals, as limited by her brief, from (1) so much of an order of the Surrogate's Court, Queens County (Kelly, S.), dated March 3, 2014, as denied that branch of her motion which was for an award of interest on a distribution amount from January 31, 2014, and from (2) so much of a decree of the same court dated April 11, 2014, as, upon the order, failed to award her interest on such distribution amount.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the decree is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioners, payable by the appellant personally.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in the proceeding (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the decree (see CPLR 5501 [a] [1]).

The decedent, James B. Zane, also known as James Bernard Zane (hereinafter the decedent), died on June 22, 2010. He was survived by his wife of 17 years, Jane Minion Zane (hereinafter Minion Zane) and he had no children. The decedent's will left nothing to Minion Zane.

Edward S. Rudofsky, Eric S. Horowitz, Leah Waldman, and Harry Skydell, the coexecutors of the decedent's estate (hereinafter collectively the executors), petitioned the Surrogate's Court for a judicial settlement of the estate in July 2012. Minion Zane interposed a number of objections to the executors' accounting of the estate and her elective share, among other things.

In December 2013, the executors and Minion Zane entered into a stipulation of settlement on the record in open court to resolve the objections that Minion Zane had asserted against the accounting. The settlement provided that Minion Zane would receive $1.3 million "from the proceeds of the decedent's IRA" in settlement of her claims against the estate, and that she would be paid that sum on or before January 31, 2014. The Surrogate accepted the terms of the parties' settlement and adjourned the matter to January 6, 2014, with the "hope" that,

by that date, the court would have all the necessary paperwork to render a decision "in order that everything will be in place, so that the payment can be made."

On January 10, 2014, the executors submitted a supplemental accounting which, in relevant part, reflected the terms of their settlement with Minion Zane and indicated that an order of the Surrogate's Court would be required for the proceeds in certain IRA accounts to be disbursed directly by the specific financial institution to the designated beneficiaries, including Minion Zane. However, as of January 31, 2014, no court order had been entered, and no distributions had been made. Minion Zane subsequently provided the executors with a release of her claims against the estate by letter dated February 7, 2014.

By notice of motion dated February 18, 2014, Minion Zane moved for the Surrogate's Court to enforce the terms of the settlement, and for an award of interest pursuant to CPLR 5001 (a) from January 31, 2014. In a notice of settlement dated February 20, 2014, the executors stated that a proposed decree for settlement would be presented to the court on February 26, 2014. The proposed decree provided, inter alia, for orders directing the custodians of the decedent's IRA to distribute the agreed-upon settlement amount to Minion Zane, without any interest. Minion Zane interposed objections dated February 25, 2014, "to so much of the proposed [d]ecree as fail[ed] to provide [her] with interest on the sum of $1.3 Million Dollars at the legal rate of 9% per annum from January 31, 2014, to the date of payment."

In an order dated March 3, 2014, the Surrogate, inter alia, denied Minion Zane's request for an award of interest. The Surrogate subsequently issued a decree identical, in all material respects, to the one submitted by the executors. On appeal, Minion Zane contends that the court erred in denying her request for an award of interest pursuant to CPLR 5001 (a).

A proceeding to settle an estate is equitable in nature (*see* SCPA 2211 [1]), and whether interest is awarded in a proceeding of equitable nature, and, if so, at what rate, "is a matter within the discretion of the trial court" (*Matter of Janes*, 90 NY2d 41, 55 [1997]; *see* CPLR 5001 [a]). Here, the record indicates that the reasons for the delay in making the subject distribution were attributable to various causes, including some which the Surrogate's Court ascribed to Minion Zane. Under the circumstances, the court's denial of an award of interest was not an improvident exercise of discretion. Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.