Mancuso v Graham (2019 NY Slip Op 05268)





Mancuso v Graham


2019 NY Slip Op 05268


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


106 CA 18-00063

[*1]ANNE M. MANCUSO, FORMERLY KNOWN AS ANNE M. GRAHAM, PLAINTIFF-RESPONDENT,
v
DOUGLAS S. GRAHAM, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






ALDERMAN AND ALDERMAN, SYRACUSE (RICHARD B. ALDERMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
NANCY L. DYER, SYRACUSE, D.J. & J.A. CIRANDO, ESQS. (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Martha Walsh Hood, A.J.), entered September 25, 2017. The order distributed the benefits of defendant under the New York State and Local Employees Retirement System. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: These consolidated appeals arise from postjudgment proceedings in an action for divorce. In appeal No. 1, defendant appeals from a Domestic Relations Order (DRO) that distributed his retirement benefits under the New York State and Local Employees Retirement System (NYSLRS). In appeal No. 2, defendant appeals from an order denying his motion to vacate the DRO. With respect to appeal No. 1, we note "that no appeal as of right lies from a DRO" (Andress v Andress, 97 AD3d 1151, 1152 [4th Dept 2012]). Nevertheless, defendant "raised timely objections prior to the entry of the []DRO and thereby preserved a record for our review" (Irato v Irato, 288 AD2d 952, 952 [4th Dept 2001]), and we therefore treat the notice of appeal in appeal No. 1 as an application for leave to appeal, and we grant the application (see Cuda v Cuda [appeal No. 2], 19 AD3d 1114, 1114 [4th Dept 2005]; Irato, 288 AD2d at 952).
Upon considering the merits, we affirm the order in appeal No. 1. The parties' stipulation, which was incorporated but not merged into their judgment of divorce, provided that plaintiff's marital share of defendant's pension be calculated according to the formula articulated in Majauskas v Majauskas (61 NY2d 481, 489-491 [1984]). During the marriage, defendant was employed by the New York State Department of Aviation, where he accrued pension benefits under the NYSLRS. In 2003, after the judgment of divorce, defendant was transferred to the City of Syracuse Fire Department, where he accrued benefits under the New York State Police and Fire Retirement System (Police and Fire System) until he retired in January 2017. He elected upon retirement, however, to combine his service credits and collect a single retirement payment from NYSLRS.
We reject defendant's contentions that Supreme Court should have applied the Majauskas formula to only that part of the retirement benefits that he earned through the NYSLRS, and that his benefit from the Police and Fire System is an entirely separate benefit that he earned after the termination of the marriage. It is well settled that the "portion of a pension based on years of employment during the marriage is marital property" (Olivo v Olivo, 82 NY2d 202, 207 [1993]; see Antinora v Antinora, 125 AD3d 1336, 1340 [4th Dept 2015]; Beiter v Beiter, 67 AD3d 1415, 1416 [4th Dept 2009]). Therefore, "[a]long with pension rights earned during a marriage prior to [*2]a separation agreement or matrimonial action, enhanced retirement income is deemed marital property subject to equitable distribution" (Raynor v Raynor, 90 AD3d 1009, 1010 [2d Dept 2011]; see also Loy v Loy, 108 AD3d 1201, 1202 [4th Dept 2013], lv dismissed 22 NY3d 929 [2013]; Beiter, 67 AD3d at 1416]). Here, because defendant's final benefit included "compensation for past service [that occurred] during the marriage, it constituted marital property" (Osorio v Osorio, 84 AD3d 1333, 1335 [2d Dept 2011]; see Antinora, 125 AD3d at 1340).
We also affirm the order in appeal No. 2, but our reasoning differs from that of the motion court. Inasmuch as the DRO properly reflected the terms of the parties' stipulation that was incorporated, but not merged, in the judgment of divorce, we conclude that defendant's motion sought a revision of the terms and provisions of the parties' stipulation. Therefore, instead of denying the motion on the merits, the court should have denied the motion on the ground that "a motion is not the proper vehicle for challenging a [stipulation] incorporated but not merged into a divorce judgment. Rather, . . . defendant should have commenced a plenary action seeking [recission] or reformation of the [stipulation]" (Spataro v Spataro, 268 AD2d 467, 468 [2d Dept 2000]; see Gartley v Gartley, 15 AD3d 995, 996 [4th Dept 2005]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court