Reukauf v Kraft (2022 NY Slip Op 01898)





Reukauf v Kraft


2022 NY Slip Op 01898


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


19 CA 21-00598

[*1]RONALD J. REUKAUF, SR., PLAINTIFF-APPELLANT,
v
COLLEEN KRAFT, FORMERLY KNOWN AS COLLEEN M. REUKAUF, DEFENDANT-RESPONDENT. 






WILLIAM R. HITES, BUFFALO, FOR PLAINTIFF-APPELLANT.


 Appeal from an amended order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered November 6, 2019. The amended order, inter alia, distributed the retirement benefits of plaintiff. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by vacating the sixth ordering paragraph and substituting therefor the provision that defendant is awarded 23.86% of plaintiff's gross monthly annuity accrued over all months of his service to his employer, and as modified the amended order is affirmed without costs.
Memorandum: In this postjudgment matrimonial proceeding, plaintiff appeals from an "Amended Court Order Acceptable for Processing" (amended order) that, inter alia, directed the United States Office of Personnel Management (OPM) to pay defendant her marital share of plaintiff's Civil Service Retirement System pension. The amended order is similar in effect to a qualified domestic relations order (QDRO). Although no appeal lies as of right from a QDRO (see Andress v Andress, 97 AD3d 1151, 1152 [4th Dept 2012]; Cuda v Cuda [appeal No. 2], 19 AD3d 1114, 1114 [4th Dept 2005]), we nevertheless treat the notice of appeal as an application for leave to appeal and grant the application (see Cuda, 19 AD3d at 1114).
Plaintiff contends that Supreme Court erred in determining that defendant's share of plaintiff's pension benefit should be calculated by applying the Majauskas formula (see Majauskas v Majauskas, 61 NY2d 481, 489-491 [1984]) to plaintiff's total gross monthly annuity because the parties' oral stipulation limited defendant's share to 50% of that part of the pension that accrued during the parties' marriage. We reject that contention. "A QDRO obtained pursuant to a [stipulation of settlement] 'can convey only those rights . . . which the parties [agreed to] as a basis for the judgment' " (Duhamel v Duhamel [appeal No. 2], 4 AD3d 739, 741 [4th Dept 2004]; see McCoy v Feinman, 99 NY2d 295, 304 [2002]). A stipulation of settlement that is "incorporated but not merged into a judgment of divorce is a contract subject to the principles of contract construction and interpretation" (Anderson v Anderson, 120 AD3d 1559, 1560 [4th Dept 2014], lv denied 24 NY3d 913 [2015] [internal quotation marks omitted]; see Walker v Walker, 42 AD3d 928, 928 [4th Dept 2007], lv dismissed 9 NY3d 947 [2007]). If the stipulation is "complete, clear and unambiguous on its face[, it] must be enforced according to the plain meaning of its terms" (Anderson, 120 AD3d at 1560 [internal quotation marks omitted]). A stipulation is unambiguous where it is not "reasonably susceptible of more than one interpretation," and in making such a determination, "the court should examine the entire [stipulation] and consider the relation of the parties and the circumstances under which it was executed" (Roche v Lorenzo-Roche, 149 AD3d 1513, 1514 [4th Dept 2017] [internal quotation marks omitted]).
Here, we conclude that both parties expressly agreed in the oral stipulation that plaintiff's benefits would be distributed "[i]n accordance with the Majauskas formula." That oral stipulation was an unambiguous expression of the parties' intent to follow Majauskas, and [*2]nothing said by plaintiff's counsel during the colloquy that led to the stipulation casts doubt on that aspect of the parties' agreement (see Matter of Gursky v Gursky, 93 AD3d 1127, 1127-1128 [3d Dept 2012]; Elwell v Elwell, 34 AD3d 1337, 1338 [4th Dept 2006]; Hoke v Hoke, 27 AD3d 1055, 1055 [4th Dept 2006]). By referring to Majauskas, even without further elaboration, the parties made clear to the court the formula to which they were stipulating (see Gursky, 93 AD3d at 1128).
We agree with plaintiff, however, that the amended order conflicts with the court's written decision insofar as the sixth ordering paragraph of the amended order purports to award defendant 23.86% of a former spouse survivor annuity under 5 USC § 8341 (h) (1). The stated percentage represents defendant's share of plaintiff's gross monthly annuity, as calculated by the court pursuant to the Majauskas formula, but the court in its decision made no award to defendant of a former spouse survivor annuity, which, had it been awarded, would have expressly conflicted with the parties' agreement. Where, as here, there is a conflict between the decision and the order, the decision controls, and we therefore modify the amended order accordingly (see Curry v Curry, 14 AD3d 646, 647 [2d Dept 2005]; see generally Matter of KC B. Mench v Majerus, 188 AD3d 1651, 1652 [4th Dept 2020]; Waul v State of New York, 27 AD3d 1114, 1115 [4th Dept 2006], lv denied 7 NY3d 705 [2006]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court