Weiner v Weiner (2024 NY Slip Op 03611)

Weiner v Weiner

2024 NY Slip Op 03611

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, AND NOWAK, JJ.

293 CA 23-01477

[*1]JEFFREY WEINER, PLAINTIFF-RESPONDENT-APPELLANT,
v
LIESELOTTE ROTH WEINER, DEFENDANT-APPELLANT-RESPONDENT, ESTATE OF IRWIN M. WEINER, M.D., DECEASED, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (RICHARD L. WEBER OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
ADAMS LECLAIR LLP, ROCHESTER (STACEY E. TRIEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

Appeal and cross-appeal from a judgment of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered March 3, 2023. The judgment, inter alia, awarded plaintiff the sum of $342,711.54, jointly and severally against defendants Lieselotte Roth Weiner and Estate of Irwin M. Weiner, M.D. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the third decretal paragraph and substituting therefor the language "ADJUDGED AND DECLARED that from December 2022 forward, Plaintiff Jeffrey Weiner is awarded one-third (33 &frac13;%) of all amounts paid by Teachers Insurance and Annuity Association of America and College Retirement Equities Fund from that portion of Irwin M. Weiner's pension benefits accrued during his employment at SUNY Upstate to Defendant Lieselotte Roth Weiner for the duration of Lois Weiner's life, and that Jeffrey Weiner shall have execution therefor" and as modified the judgment is affirmed without costs.
Memorandum: In this action stemming from a separation agreement between plaintiff's mother, Lois Weiner, and his now-deceased father, Irwin M. Weiner, defendant Lieselotte Roth Weiner, the father's second wife (defendant), appeals and plaintiff cross-appeals from a judgment entered following a damages inquest, which brings up for review an underlying order that, inter alia, granted plaintiff's motion for summary judgment with respect to liability on his breach of contract cause of action against defendant Estate of Irwin M. Weiner, M.D. (estate) and with respect to liability on his unjust enrichment cause of action against defendant and denied defendant's motion for summary judgment.
Plaintiff's mother and late father married in 1961 and had two children, including plaintiff. During the course of their marriage, the father was employed as a professor at SUNY Upstate Medical Center (SUNY Upstate), where he applied for a deferred annuity through defendants Teachers Insurance and Annuity Association of America and College Retirement Equities Fund (TIAA-CREF annuity). The primary beneficiary of the TIAA-CREF annuity was plaintiff's mother.
In May 1980, plaintiff's mother filed for divorce, and, that same month, plaintiff's parents executed a separation agreement. As relevant here, section (1) (B) (1) of the separation agreement provided that plaintiff's mother "shall have the right to receive upon the death of the husband thirty three and one third per cent (33 &frac13;%) of the husband's present pension to the extent that the same is funded, derived from his employment at the Upstate Medical Center and [*2]held by the Teachers Insurance and Annuity Association."
Plaintiff's father continued to work at SUNY Upstate until 1991, when he left to take a position with SUNY Health Sciences Center at Brooklyn (SUNY Downstate). Upon his retirement, the father selected a "two-life annuity income" plan whereby 100 percent of his TIAA-CREF annuity would be paid out to him in certain monthly increments beginning in January 1996, and, following his death, to defendant. Plaintiff's father died in September 2013; no payments were made to plaintiff's mother following his death.
Plaintiff's mother assigned her rights under the separation agreement to plaintiff, including "the authority to pursue any and all claims that belong to [plaintiff's mother] and arose via the terms and conditions of the Separation Agreement." Plaintiff and his mother commenced this action sounding in breach of contract against the estate and unjust enrichment against defendant, seeking to recover the one-third interest in his father's pension pursuant to the terms of the separation agreement.
Defendant successfully moved to dismiss plaintiff's mother from the case for lack of standing, given that she had validly assigned her interest to plaintiff, and, following depositions and discovery, plaintiff moved for summary judgment on the complaint and defendant opposed that motion and moved for, inter alia, summary judgment dismissing the complaint. In granting plaintiff's motion, Supreme Court determined that the terms of the separation agreement entitled plaintiff to 33 &frac13;% of the value of the father's TIAA-CREF pension at death, to the extent that the pension was derived from his employment at SUNY Upstate—as opposed to SUNY Downstate.
Following a damages inquest, the court awarded judgment to plaintiff in the amount of $342,711.54 jointly and severally against the estate and defendant for plaintiff's share of the two-life annuity income plan retained by defendant between the father's death and the judgment. The court further awarded plaintiff prejudgment interest at the rate of nine percent solely against the estate on the breach of contract claim in the amount of $289,477.30. The court did not award prejudgment interest on plaintiff's equitable claims against defendant (see CPLR 5001 [a]). In the third decretal paragraph of the judgment, the court awarded plaintiff "one-third (33 &frac13;%) of all amounts paid by Teachers Insurance and Annuity Association of America and College Retirement Equities Fund to Defendant Lieselotte Roth Weiner for the duration of Lois Weiner's life."
Defendant contends on her appeal that under the terms of the separation agreement, plaintiff is entitled to, at most, one third of the value of his father's pension at the time of the separation agreement. We reject that contention. Defendant's proffered interpretation would "add . . . terms [and] distort the meaning of . . . particular words or phrases, thereby creating a new contract under the guise of interpreting the parties' own agreement[ ]" (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017]; see Slattery Skanska Inc. v American Home Assur. Co., 67 AD3d 1, 14 [1st Dept 2009]), and we conclude that the court properly determined that plaintiff's interpretation "is the only construction which can fairly be placed" on section (1) (B) (1) of the separation agreement (Auburn Custom Millwork, Inc. v Schmidt & Schmidt, Inc., 148 AD3d 1527, 1529 [4th Dept 2017]).
We further reject defendant's contention on her appeal that plaintiff is not an appropriate party because his mother's right to a part of the annuity income plan was not assignable. Defendant successfully moved to dismiss plaintiff's mother from the action on the ground that she had assigned her rights under the separation agreement to plaintiff and, having prevailed on that issue, defendant is estopped from "assuming a contrary position . . . simply because [her] interests have changed" (Ghatani v AGH Realty, LLC, 181 AD3d 909, 911 [2d Dept 2020]).
We reject plaintiff's contention on his cross-appeal that the court erred in refusing to award prejudgment interest against defendant. Where, as here, solely equitable causes of action are asserted against a defendant, the decision to award prejudgment interest against a defendant is soundly in the court's discretion (see CPLR 5001 [a]), and we perceive no basis to disturb the court's determination on appeal (see generally Matter of Zane, 137 AD3d 926, 928 [2d Dept 2016]).
We agree with defendant on her appeal that the third decretal paragraph of the judgment is overly broad and in conflict with the more particular wording of the court's letter decision. We therefore modify the terms of the judgment to conform to that decision by inserting the language "from that portion of Irwin M. Weiner's pension benefits accrued during his employment at SUNY Upstate" in the third decretal paragraph, such that it reads "one-third (33 &frac13;%) of all amounts paid by Teachers Insurance and Annuity Association of America and College Retirement Equities Fund from that portion of Irwin M. Weiner's pension benefits accrued during his employment at SUNY Upstate to Defendant Lieselotte Roth Weiner for the duration of Lois Weiner's life" (see generally Reukauf v Kraft, 203 AD3d 1652, 1654 [4th Dept 2022]).
We have reviewed the parties' remaining contentions and conclude that none warrants reversal or further modification of the judgment.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court